## E. H. EDWARDS v. ANDY J. CARY.

TRIAL; *Stipulation by Attorneys, Waiving Formal Trial, and for Entry of Judgment, Valid.* Two separate actions were commenced against E. H. Edwards, before the same justice, one by J. Q. Howey, and one by Andy J. Cary, to compel contribution from him, as a co-indorser on a note. Both cases involved identically the same facts and principles. The attorneys for the plaintiffs were the same in both cases, and the defendant was represented by the same attorneys in each case. The two cases coming on for trial at the same hour, the parties signed and filed a stipulation in the Cary case, "that whatever judgment shall be recovered against said Edwards in the action of Howey v. Edwards, shall be entered and shall stand also as the judgment in the case of Cary v. Edwards, without any trial, or any other evidence as to the amount, than the judg-

ment in said case of Howey v. Edwards, provided, that said case shall be tried upon its merits — the costs to be taxed in each case." *Held*, that after the rendition of a judgment in accordance with the terms of such stipulation, such judgment will not be held void on the ground that the stipulation is invalid. The stipulation carried the case of Cary v. Edwards with the case of Howey v. Edwards, till the rendition of the judgment in the cases before the justice; and the remedy of either party aggrieved at the judgment thus rendered in favor of Cary, is by appeal, and a trial *de novo*.

### *Error from Labette District Court.*

INJUNCTION, brought by *Edwards*, to enjoin the collection of a judgment rendered against him in favor of *Cary*. All necessary facts and proceedings are stated in the subjoined opinion. The judge of the district court, at chambers, on the 1st of September 1877, dissolved a temporary injunction theretofore granted; and from this order *Edwards* appeals, and brings the case here for review.

*Cory & Kimball*, for plaintiff.
*Ward & Horsfall*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case were substantially as follows: On the 28th of April 1877, one J. Q. Howey, and Andy J. Cary, the defendant in error, commenced their separate actions against plaintiff in error before the same justice of the peace, to compel contribution from him, as a co-indorser, or guarantor, on a note. On the 18th of June 1877, both actions came on for trial, and in the case of Cary against Edwards, the parties made and filed the following stipulation:

(*Court, and Title.*) "Whereas, There is a case pending between one J. Q. Howey and the defendant, E. H. Edwards, in the same court, before the same justice, involving the same questions, as to the right of said Howey (who, with said Cary, plaintiff herein, claims to be co-surety of the said Edwards,) to compel contribution of and from the said Edwards, for an amount paid by them on a judgment in favor of J. V. Pierce, and against said Howey and Cary, rendered

by W. P. Talbot, Esq., J. P., and accounting, by said Edwards, of certain moneys, received by him, proceeds of property claimed to apply on said debt:

"Now it is hereby expressly agreed and stipulated, by and between the parties to this, the above-entitled suit, that whatever judgment shall be recovered against said Edwards in the said action of Howey v. Edwards, shall be entered and shall stand as the judgment in this case, without any trial in this case, or any other evidence as to amount than the judgment in the case of Howey v. Edwards; provided, that said case shall be tried *upon its merits;* excepting also, the costs, which shall be taxed, in either case, the same as if this stipulation had not been made."

Both cases were continued to 25th June 1877, at which time the trial of the Howey case commenced before a jury, and occupied two days. At the request of Howey, the justice of the peace directed the jury, in addition to the general verdict, to find upon the following written questions of fact:

"1st.—When Edwards took the chattel mortgage, were he and the plaintiff, and one Cary, co-sureties, or guarantors, or indorsers of the note first mentioned?

"2d.—At the same time, was Edwards the payee and holder of the note and mortgage second named, as his individual claim against the mortgagor, Freeman?"

The jury returned both of said questions of fact answered in the affirmative, and returned a general verdict in favor of Howey. Whereupon counsel for Howey announced in open court, that as it was too late in the evening for further business, they would on the next morning move the court to render judgment upon the special findings of fact, together with the general verdict of the jury, and the undisputed evidence in the case. On the next morning, counsel for both parties appeared in court, and attorneys for Edwards gave notice that they would move the court to set aside the general verdict, and for judgment in favor of Edwards upon the special findings; and thereupon, attorneys for Howey filed the motion of which they had given notice the preceding evening. The hearing of both motions was, by agreement of attorneys for the respective parties—at request of Edwards' counsel—set

for the following morning, June 28th; and upon June 28th, attorneys for said parties appeared and argued said motions for plaintiff and defendant, and submitted the same to the consideration and determination of the justice, who took the matter under advisement, and the next morning rendered judgment in favor of Howey for $135 and costs; and on the same day, he also rendered a judgment in the case of Cary v. Edwards, for $135 and costs, pursuant to said stipulation. On July 9th, execution was issued on the judgment last mentioned, at which time said judgment remained of record, wholly unpaid, without any writ of error, appeal, or stay, and without any bond filed therein, or security therefor. This action was thereupon brought by said Edwards to enjoin the enforcement of said execution, and a temporary injunction was granted. Afterward, on motion of Cary, defendant in error, said injunction was dissolved by order of the judge of the district court. This last-mentioned order is complained of by plaintiff in error.

Edwards alleges as error, that the stipulation between the parties to this action, filed before the justice on the 18th of June, is not sufficient to uphold the judgment, notwithstanding the recovery in the case of Howey v. Edwards; and he refers to *Gittings v. Baker*, 2 Ohio St. 21, as authority. While it is true, that adversary parties to a suit cannot by contract require the court to try their cause contrary to the established rules of judicial proceedings, and all contracts made to effect such a purpose are void, there is nothing in the stipulation conflicting with the rules of judicial proceedings. The cases were pending at the same time, before the same justice, on a similar cause of action, based upon the same note, and involving identically the same facts and principles, and ought to have resulted in like judgments. The attorneys for the plaintiff in the case of Howey v. Edwards were likewise the attorneys of the plaintiff in Cary v. Edwards; and Edwards was represented by the same attorneys in both cases. The agreement was, that if the case of Howey v. Edwards was tried upon its merits, like judgment was to be entered in this

case, as in that, excepting the costs were to be taxed as if no stipulation had been entered into. We do not construe such an agreement as requiring the controversy between the parties to be tried in court out of the ordinary mode of proceeding. If the parties had simply agreed to waive a jury, and submit the case without argument to the justice, upon the evidence produced in the case of Howey v. Edwards, the stipulation would have been substantially the same as the one signed by them. The stipulation can therefore be upheld as an agreement tending to lessen the costs and expenses of the litigation between the parties, and is not void. At least, after the rendition of the judgment in accordance with the terms of such stipulation, such judgment will not be held void on the ground that the stipulation was invalid and without consideration.

It is further claimed that the injunction should not have been discharged, as it is alleged the judgment in favor of Cary v. Edwards was absolutely void, for the reason that the court lost all jurisdiction of the case. The argument is, "that the justice was not authorized to continue the case on his own motion, from the 18th of June to the 25th of June; and even if he had *that* power, the case was discontinued on the 25th of June, as no action was taken in the case until the 29th of June." The answer to this is, the stipulation carried the case of Cary v. Edwards with the case of Howey v. Edwards until the judgments were rendered in the cases before the justice. The adjournment from the 18th to the 25th of June was made when the attorneys were present; and on the 25th, the parties and attorneys in the case of Howey v. Edwards were present and attended to the case till June 29th, when that case was determined; and thereon the justice, in pursuance of the written stipulation of the parties in case of Cary v. Edwards, entered a like judgment in this case.

It is unnecessary to pass upon the question whether there was any error committed by the justice in the case of Howey v. Edwards in the rendition of that judgment, as it is evident

the justice had jurisdiction; and if error was committed, the judgment was valid until reversed, and, under the stipulation of the parties, constituted the basis for the rendition of the judgment in the case of Cary v. Edwards. As the law favors appeals, either party, notwithstanding the stipulation of the parties, could have taken an appeal from the judgment now complained of, and had a trial *de novo*, if the proper steps had been taken in time. By pursuing that course, if any injustice had been done in the case of Cary v. Edwards, a complete remedy could have been obtained.

The judgment and order of the district judge dissolving the injunction heretofore granted, is affirmed.

All the Justices concurring.