Jones v. Inness.

## C. R. Jones v. J. H. Mitchell Inness.

32  177
40   49
———
32  177
41   63
———
32  177
50  658
———
32  177
57  527

1. Findings, *Held Conclusive.* Where there is sufficient evidence to sustain the verdict of the jury, and the verdict has been approved by the trial court, the findings of the jury will be held to be conclusive in the supreme court, although there may be a conflict of evidence, and the preponderance thereof seems to be against the verdict.

2. Drugged Liquors; *Cards—Money Lost—Recovery.* Where a person, for the purpose of obtaining the money of another, procures the other to drink drugged liquors, and while the other is under the influence of such drugged liquors, and not in the full possession of his faculties, such first-mentioned person procures the other to bet upon cards, and thereby obtains such other person's money, such other person may afterward, in an action, recover such money from the person who has thus wrongfully obtained the same.

3. ———— An attorney at law has no power, without express authority from his client, to compromise or settle his client's claim.

4. Compromise by Attorney, *Client May Ignore.* Where an attorney at law does compromise and settle his client's claim, without any authority from his client, and in such settlement the attorney receives from the adverse party a consideration which is much less than the client's demand, the client may ignore such compromise and settlement, and treat the same as a nullity, and recover the full amount of his demand from the adverse party.

5. Evidence, *Competent as Impeaching.* Where evidence, incompetent as original testimony in the case, but competent as impeaching testimony, is offered to be introduced, and the adverse party objects to the evidence for the reason only that it is "incompetent," and the court permits the evidence to be introduced, apparently as impeaching evidence, *held,* not error.

### *Error from Shawnee District Court.*

Action by *Inness* against *Jones,* to recover money. Trial May 24, 1883, and verdict for plaintiff for $584.50. New, trial denied, and judgment on the verdict for plaintiff. The defendant brings the case here. The opinion states the facts.

*J. B. Johnson,* for plaintiff in error.

*Robt. A. Friedrich,* for defendant in error; *C. M. Foster,* of counsel.

12—32 kas.

The opinion of the court was delivered by

VALENTINE, J.: On December 24, 1880, J. H. Mitchell Inness commenced an action in the district court of Shawnee county against C. R. Jones, in which action he filed the following petition, to wit, (court and title omitted:)

"The said plaintiff complains of the said defendant, and for cause of action, says: That on or about the 3d day of December, 1880, at the county of Shawnee, state of Kansas, the defendant, by fraud and deceit, and by causing the plaintiff to become intoxicated and drugged, then and there unlawfully induced and enticed the plaintiff after such intoxication and drugging to bet, play and gamble upon and with certain gambling devices there and then kept, set up and used by the defendant, the same being adapted, designed and devised for the purpose of playing games of chance for money and property, to wit, a faro table, to wit, a faro bank, cards, chuck-a-luck, and other gambling devices kept and used for the purposes aforesaid by defendant; and thereby and by the means aforesaid the defendant then and there unlawfully did win of and from the plaintiff, and thereby did then and there obtain from the plaintiff his check on the Topeka Bank and Savings Institution of Topeka, Kansas, for the sum of five hundred dollars, of the value of five hundred dollars, which check was by said bank duly honored and paid to the defendant on said day; and the defendant did then and there and by the means and in the manner aforesaid obtain and receive of the plaintiff the sum of five hundred dollars in money, of the value of five hundred dollars, contrary to the laws of Kansas, to the damage of the said plaintiff $500.

"2. The plaintiff, for further cause of action against the defendant, saith, that on or about the third day of December, 1880, the defendant falsely, fraudulently and deceitfully, while the plaintiff was intoxicated, pretended to plaintiff that he, the defendant, wanted to see plaintiff on business, and under such pretenses took the plaintiff to a saloon kept by defendant in Topeka, Kansas, there gave plaintiff liquors, and there caused the plaintiff to drink liquors, and led and caused to be led the plaintiff to a gambling room in Topeka, and while plaintiff was so intoxicated and laboring under drink and liquor aforesaid, caused the plaintiff to bet and play, and pretended to plaintiff that plaintiff did bet and play upon

and against a faro bank and other gambling devices then and there kept and used for gambling purposes; and thereby then and there, and by fraud, trick and cheating, the defendant falsely and fraudulently obtained from the plaintiff the sum of $500 in money, of the value of $500, to the damage of plaintiff $500, whereby an action accrued to defendant. Wherefore, the plaintiff prays judgment against the defendant for the sum of five hundred dollars, with interest from December 3, 1880, and costs of suit."

On January 6, 1881, the defendant, Jones, answered by filing a general denial.    The case stood in this condition until February 25, 1882, when the following entry was made on the journal of the court, (title omitted:)

"Now comes said plaintiff, by A. H. Case, his attorney, and on his motion it is ordered by the court that this cause be and the same is hereby dismissed without prejudice to any future action, at the costs of the plaintiff."

Afterward, on April 14, 1882, the following entry was made on the journal of the court,. (title omitted:)

"Now comes said plaintiff by R. A. Friedrich, his attorney, and on his motion and for good cause shown, it is by the court ordered that the order dismissing this cause heretofore and on the 25th day of February, 1882, made and entered herein, be and the same is hereby set aside; and it is further ordered, that this cause be and the same is hereby reinstated on the trial docket of this court, and that the same stand regularly for trial."

Afterward, on April 28, 1883, the defendant, Jones, filed a supplemental answer, which reads as follows, (court and title omitted:)

"Now comes the defendant above named, and for his supplemental answer herein says, that since the filing of his answer herein, and on or about the 10th day of July, 1882, this defendant fully paid, settled and compromised all the matters and things alleged in plaintiff's petition, and in full settlement and satisfaction thereof defendant paid plaintiff at that time the sum of $150 in cash, which sum plaintiff then and there accepted and received as and for full payment and satisfaction of all his demands and claims set forth in said petition; and it was then and there agreed between plaintiff and defendant, in consideration of the payment of said money,

that plaintiff would dismiss and discontinue this suit and prosecute said claim no further. Wherefore, defendant asks and demands judgment for his costs herein."

On the same day, the plaintiff, Inness, filed a reply to the defendant's supplemental answer, denying generally and specifically all the allegations contained in such answer. On May 24, 1883, a trial was had before the court and a jury, which resulted in a verdict and judgment in favor of the plaintiff and against the defendant for $584.50 and costs of suit. For the purpose of reversing this judgment, the defendant, as plaintiff in error, on December 18, 1883, brought the case to this court.

It appears from the record brought to this court, that on the trial of the case in the district court the testimony was confined principally to the two principal issues raised by the pleadings, to wit: (1) Did the defendant, Jones, cause and procure the plaintiff, Inness, to be drugged, and while he was under the influence of drugs so administered, induce him to play at cards, and thereby obtain his money; (2) was there any settlement between the parties, as alleged in the defendant's supplemental answer? Upon these issues there was sufficient evidence to authorize the jury to find a verdict in favor of either party; but the jury in fact found in favor of the plaintiff and against the defendant. Their finding was general, and they made no special findings. No question is raised in this court with regard to the admission or rejection of evidence, except as to certain testimony given by the witness R. A. Friedrich. No instructions were asked by either party in the court below, and no exception was taken to any of the instructions given by the court below; and indeed the only question now presented to this court is, whether the evidence introduced on the trial in the court below is sufficient to sustain the verdict of the jury, and whether the said testimony of the said R. A. Friedrich is competent, or not. These two questions of course involve some other questions, but they include all the other questions. Both of them we think must be answered in the affirmative. While it may be claimed with some plausibility that the preponderance of the evidence

upon one or both of the principal issues presented to the jury in this case was in favor of the defendant and against the plaintiff, yet we think there was undoubtedly sufficient evidence to sustain the verdict of the jury; and here we might repeat what has often been declared by this court, that where there is sufficient evidence to sustain the verdict of the jury, and the verdict has been approved by the trial court, the findings of the jury will be held to be conclusive in the supreme court, although there may be a conflict of evidence, and the preponderance thereof seem to be against the verdict. In deciding that the evidence sustains the verdict of the jury, we think it is necessary to hold, and we do hold: (1.) That where a person, for the purpose of obtaining the money of another, procures the other to drink drugged liquors, and while the other is under the influence of such drugged liquors, and not in the full possession of his faculties, procures him to bet upon cards, and thereby obtains such other person's money, such other person may afterward in an action recover such money from the person who has thus wrongfully obtained the same. (2.) That an attorney at law has no power, without express authority from his client, to compromise or settle his client's claim. (3.) That where an attorney at law does compromise and settle his client's claim without any authority from his client, and in such settlement the attorney receives from the adverse party a consideration which is much less than the client's demand, the client may ignore such compromise and settlement and treat the same as a nullity, and recover the full amount of his demand from the adverse party.

Upon the other question we do not think that it is necessary to enter into details. The testimony of the witness R. A. Friedrich was objected to only for the reason that it was "incompetent." Now we think it was incompetent as original testimony in the case, but we think it was clearly competent as impeaching testimony; and we would think from the record that it was introduced solely for that purpose. The trial court, therefore, did not err in permitting it to be introduced.

The judgment of the court below will be affirmed.

All the Justices concurring.