No. 32,730

O. T. PERRINE et al., *Appellees,* v. A. R. PERRINE et al., *Appellants.*

(58 P. 2d 1080)

Opinion filed July 3, 1936.

*Harry E. Snyder,* of Council Grove, and *Rex B. Parr,* of Kansas City, Mo., for the appellants.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to partition real property. The defendant, A. R. Perrine, by cross petition, alleged plaintiff had contracted to sell his interest, and that of his sister, in the property to defendant, and he sought the specific performance of that contract. Plaintiffs' demurrer to this cross petition was sustained, and defendant has appealed. The principal question argued here is whether the cross petition set up a valid, enforceable contract.

The property, eighty acres of land in Harvey county, formerly was owned by J. A. Perrine, who died intestate several years ago. His widow, who did not remarry, died intestate some years later. Her personal estate was still in process of administration when this action was brought. They left surviving them three children, a son, O. T. Perrine, a daughter, Lucy E. Norton, and a son, A. R. Perrine. The plaintiffs in this partition action are O. T. Perrine, Lucy E. Norton and her husband, and the defendants are A. R. Perrine and his wife. The petition set out the above facts more in detail than is here stated and alleged that the three children each owned an undivided one-third interest in the property. It referred to a former action by O. T. Perrine against A. R. Perrine in which attachment had been issued and levied upon the interest of A. R. Perrine, and it was alleged that by reason of that action and the proceedings therein O. T. Perrine had a lien upon the interest of A. R. Perrine in the property to the amount of $200 with interest from a date named. A supplemental petition was filed in which it was alleged that since the filing of the petition a deed executed by A. R. Perrine and wife for their interest in the property to their son, Raymond Perrine, had been filed of record, and it was asked that he be made a party defendant and set up such interest as he had in the property.

Thereafter the defendant, A. R. Perrine, filed his answer and amended cross petition in which he alleged that on January 4, 1934, plaintiffs were the owners in fee of an undivided two-thirds interest in the real property in controversy, and being desirous of selling the same wrote defendant a letter of that date, a copy of which was set out in the cross petition. This letter was signed by O. T. Perrine alone. It referred to a recent letter from defendant and expressed the view that he was attempting to make ill feeling and enmity by certain letters he had written to the adminstrator of the mother's estate and to the probate judge. It referred to some con-

troversy between them concerning a check for $40, and discussed the statute of limitations with respect to certain items, somewhat indefinite from the letter itself; referred to some trouble defendant apparently had been complaining about in getting a settlement, and whether certain expenses of attorneys were for the estate or for defendant personally. It called attention to an agreement which had been signed in 1929 and some items of expense referred to or controlled by such agreement; it mentioned an oil lease, and referred to other matters concerning which, apparently, the 'parties were familiar, but which are not clear from the letter alone. It contained the following:

"As you do not seem to be able to come to a decision of any kind after four years I am going to make you a proposition to buy or sell. I will sell the two thirds to you for $2,000 or give $1,000 for your one third. With what is your share that you owe on mother's expenses and your note taken out of same less $101.14 at a rough guess it would give you around $400 cash. Awaiting your prompt reply. . . ."

Defendant further alleged that he received this letter on January 10, 1934, and accepted the proposition made by O. T. Perrine therein by a letter of that date, which reads as follows:

"Your letter of January 4th received.

"I am compelled to give this matter the go by for a while for I am so busy on some other matters that I just cannot get into it now and dig out all of the records in regard to it. I am frank to say that in the short time I have had to study it, that I do not follow your line of reasoning to arrive at the results you have obtained, but maybe when I get more time I may be able to study it out.

'I thought all of the time you had bought Lucy's interest in the farm and guess your offer to sell or buy confirms it.

"I am agreeable to the part of your letter where you offer to sell your two-thirds interest for $2,000, and I formally accept same at this price.

"I would suggest that you send the deed to some bank, preferably in Wichita, so that abstract can be brought up to date and examined. Let me know what you do.

"As soon as I can get a little more time I will go into the other points which you have raised in your letter and try to figure it all out. . . ."

The cross petition further alleges that plaintiffs now refuse to carry out the terms and conditions as set forth in such letter; that defendant has been and is ready and willing to perform the agreement on his part and pay plaintiffs $2,000 for a conveyance to him of the land, and he tendered that sum into court for a deed to the premises. The prayer was that plaintiffs be required to receive that

sum and to specifically perform the contract on their part by executing and delivering to defendant a deed for the land, and for such other relief as may be equitable.

Plaintiffs demurred to this cross petition, on the grounds it did not state facts sufficient to constitute a cause of action in favor of defendant, or a defense to plaintiffs' petition. At a hearing before the court on April 20, 1935, of which the defendant and his attorney had notice but did not appear, the court having fully considered the demurrer, sustained it. Defendant was given ten days in which to file an amended cross petition. He filed none.

Raymond Perrine was made a party defendant, duly served, and his attorney filed an answer for him claiming an undivided one-third interest in the property under the deed of A. R. Perrine and wife. It developed he lacked a few days of being twenty-one years of age. That matter was called to the attention of the court and a guardian *ad litem* was appointed for him, and he filed an answer as such guardian *ad litem*.

On May 27, 1935, the parties entered into a written agreement which, among other things, recited: "That controversies have arisen between the parties hereto individually and as heirs of Emeline M. Perrine, deceased, which controversies are involved" in two actions in the district court, being this partition action and the attachment suit referred to therein, "and it is the purpose and intention of the parties hereto to adjust and compromise and settle all of such controversies and said litigation according to the terms and conditions hereof; and that each of the parties hereto, to wit, A. R. Perrine, O. T. Perrine, Lucy E. Norton and Raymond Perrine, hereby compromise, adjust and settle each and every of the controversies existing between them according to the terms and conditions hereof and hereby forever release and discharge each other from any and all claims and demands of every kind and character as between them, respectively, and according to the terms and conditions of this agreement." It provided that the costs which had accrued in the attachment suit be transferred and entered as a part of the costs in the partition suit; that O. T. Perrine shall be allowed a lien for $100 against the one-third interest of Raymond Perrine in the property to be partitioned, and that proper releases and discharges be made in the attachment suit and the note on which it was based; that the partition action proceed to completion with as little delay as is practicable, and that judgment therein shall be duly rendered that

O. T. Perrine, Lucy E. Norton and Raymond Perrine each have an undivided one-third interest in the real property, but that the interest of Raymond Perrine is subject to the lien in favor of O. T. Perrine for $100, and that A. R. Perrine shall be decreed to have no interest in the property. The agreement contained provisions concerning the property of the estate and the accounts in the hands of the administrator, specifying items of debits and credits which it was agreed should be charged and allowed on that account, the balance of which should be left in the hands of the administrator, and how that should be disbursed. It further provided for the handling and disposition of growing crops of wheat and oats on the land to be partitioned. This agreement was executed by A. R. Perrine for himself and as agent for his son Raymond and by their attorney. It was also executed by O. T. Perrine for himself and as agent for Lucy E. Norton and by their attorney.

On June 7, 1935, the cause came on for hearing upon its merits in conformity with a previous order of the court setting the case for hearing on that date, of which order all parties to the action and their attorneys had notice. The court heard the evidence, which included oral testimony and the agreement between the parties of May 27, 1935, and rendered judgment in harmony with such agreement. There has been no appeal from this judgment.

On July 10, 1935, A. R. Perrine served and filed his notice of appeal from the ruling of the court of April 20, 1935, sustaining plaintiffs' demurrer to his cross petition.

This appeal should be dismissed for the reason that after the ruling of the court of which appellant now complains he entered into an agreement with the other parties to the action by which all controversies between the parties which had arisen in this litigation were compromised and settled; the rights of the respective parties were agreed to, and it was further agreed what judgment the court might enter in the cause, and such judgment has been duly entered. This appellant is in no position to say that some controversy involved and previously considered in that litigation is now open to review.

More than that, the court's ruling upon the demurrer to his cross petition was correct. The letter of O. T. Perrine to appellant clearly shows that if he sold his interest in the property, or bought that of appellant, all of the matters specifically mentioned or referred to in the letter were to be settled. Appellant's reply sought delay in

settling these other matters and attempted to treat O. T. Perrine's statement as to what he would give or take for an interest in the land as a separate thing, independent of other matters to be settled. That is not a proper interpretation of his letter. Obviously the minds of the parties never met in that correspondence upon all of the matters involved in the proposition made by O. T. Perrine.

The appeal is dismissed.