No. 37,159

A. J. PORTH, *Appellant*, v. LOCAL UNION 201 et al., *Appellees.*

(199 P. 2d 788)

Opinion filed November 30, 1948.

*Lee. R. Meador,* of Wichita, argued the cause, and was on the briefs for the appellant.

*R. E. Angle,* of Wichita, and *Harry N. Routzohn,* of Dayton, Ohio, argued the cause, and *T. A. Sullivan,* of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

COWAN, J.: This is an appeal from an order of the district court refusing to sustain plaintiff's motion to strike the petition, answer the cross petition of certain intervening members of Local Union 201, United Brotherhood of Carpenters and Joiners of America, filed in a suit by A. J. Porth against the union and certain of its officers. The parties will be referred to as they appeared in the court below.

This action was commenced on April 13, 1947, in the district court of Sedgwick county. Plaintiff alleged, among other things, that the brotherhood was an unincorporated federation of local trade unions and operated under a constitution and laws. Plaintiff claimed he was a member in good standing of the local and was its elected business agent and financial secretary; that the local had

affiliated with central bodies and state federations of the American Federation of Labor pursuant to the laws of the brotherhood; that plaintiff for some time had acted as representative of Local 201 to the Central Trades and Labor Assembly in Wichita, Kan.; that in September, 1946, plaintiff was elected by the Central Trades and Labor Assembly as a delegate to the convention of the American Federation of Labor in Chicago, Ill.; that as such delegate he was required to present to the general convention a resolution called Resolution 13, which had been prepared by the Central Trades and Labor Assembly; that subsequent to said convention the general president of his brotherhood, because of the presentation of said Resolution 13 (which resolution attempted to settle a long-time jurisdictional dispute between the Carpenters Union and Machinists Union) directed Local 201 to dissociate itself from the Central Trades and Labor Assembly at Wichita; that a notice appeared in *"The Carpenter,"* the official monthly publication of the brotherhood, stating that at a general meeting of the executive committee presided over by the president, an order was rendered that the plaintiff, because of his submission of Resolution 13 to the convention of the American Federation of Labor was not eligible to hold any office in Local 201. The petition further set out that there were various communications back and forth between the president of the brotherhood and the local; that at a meeting held on April 10, 1947, A. L. Manning was elected business agent and financial secretary in lieu of plaintiff whose removal had been attempted, but that plaintiff had refused to turn over the books and records of his office for the reason that the orders of the general president and executive board were illegal and void and in contravention of the constitution and laws of the brotherhood, which prescribed the only method for removal from office of officers, such as plaintiff; that such procedure had not been followed, and that thereby the plaintiff had been deprived of his right to be heard and of his right to take an appeal from any adverse ruling, in accordance with the constitution and the laws of the brotherhood. The plaintiff's petition contained the usual allegations of irreparable damage and lack of adequate remedy at law, coupled with a prayer for injunction, temporary and permanent. The petition was verified.

On April 18, 1947, a temporary injunction was granted to become effective upon the filing of a bond. Bond was filed and the temporary injunction became operative. Other proceedings were had

from time to time. Subsequently an amended and supplemental petition was filed, setting out further steps in the controversy. The defendants filed an answer. The plaintiff was required to post an additional bond of $2,000. Finally the defendant local and its officers filed an extensive amended answer. At various proceedings of Local 201 held in July and up to and including August 7, 1947, R. E. Angle, the attorney who had theretofore appeared for Local 201, was discharged and John H. Gerety was employed to represent the defendant local. On August 14, 1947, R. E. Angle and Harry N. Routzohn as attorneys for H. A. Black and other individual members of Local 201, constituting in the aggregate about 100 members of Local 201, filed an application to intervene as individual members of said union. This application and a motion by R. E. Angle to set aside the proceedings of Local 201 whereby he was discharged, were heard on August 14 and 15, 1947. The motion to set aside the proceedings whereby R. E. Angle was discharged as attorney for Local 201 was overruled but the individual defendants were granted leave to file an intervening petition. Thereupon they filed an intervening petition, which petition, aside from setting forth the names of the intervenors and their membership in Local 201, alleged that the plaintiff was attempting to sabotage said local for his own personal gain, and adopted the amended answer of the local theretofore filed. By way of cross petition the intervenors asked that all of the allegations of their answer be made a part of the cross petition, alleged in addition that plaintiff had been tried by Local 201, had been found guilty and should be expelled, and asked that upon a trial of the case plaintiff be ordered to be expelled from Local 201 and that intervenors have judgment for costs. The petition, answer and cross petition were filed by R. E. Angle for Sullivan & Angle and Harry N. Routzohn as attorneys for intervenors. To this intervening answer and cross petition the defendant Local 201 and its officers filed a motion to strike, and about the same time the plaintiff Porth filed a motion to strike for the following reasons:

"1. That said Intervenors are not proper parties to this suit.

"2. That said pleadings do not disclose that the Intervenors possess a substantial right to be conserved by the intervention.

"3. That no remedy may be afforded the Intervenors in the pending proceeding consistent with its object and purpose.

"4. That the intervention will unduly interrupt or retard the orderly conduct of the proceeding or result in the frustration of what already has been properly and regularly accomplished by the suit."

On November 25, 1947, these motions were overruled by the court. On December 1, 1947, the cause came on for hearing. All the parties appeared by their counsel of record. The plaintiff then made an offer of settlement to defendant Local 201, which offer of settlement was accepted by Local 201 through its attorney, John H. Gerety, pursuant to appropriate action by the executive committee and the local organization. The court approved the agreement of compromise and settlement. Judgment was entered as between the plaintiff and Local Union 201 but not as between plaintiff and the intervenors. The judgment determined that plaintiff was properly elected financial secretary and business agent of defendant local; that the attempt to elect A. L. Manning to that office without first relieving plaintiff of his office was void; that all proceedings with reference to expelling plaintiff from Local 201 were void; that all costs to that date should be assessed against defendant Local 201; and that Local 201 should be relieved of any further costs in the action. The case was dismissed as to A. L. Manning. A provision of the settlement not incorporated in the judgment of the court but set out in the journal entry was that upon confession of judgment by the defendant local, plaintiff would tender his resignation as business agent and financial secretary of Local 201. It was admitted at the oral argument by attorneys for the intervenors and the plaintiff that subsequent to the judgment of December 1, 1947, R. E. Angle was reëmployed by Local 201 and that he and Harry N. Routzohn filed a motion on behalf of Local 201 to set aside the judgment of December 1, 1947, on the ground, among others, that it was not authorized by the local; that such motion was overruled and that no appeal has been taken from such order.

The cause is here on the correctness of the ruling on the motion of plaintiff to strike the answer and cross petition of the intervenors. The appellees (intervenors) have filed a motion to dismiss the appeal for the reason that it was not taken within the statutory time; that the order allowing intervention was not appealable and that the allowance of the intervention was purely a discretionary matter. This motion to dismiss proceeds upon the theory that the appeal is from the order allowing intervention. But such is not the case. The appeal is from the order refusing to strike the pleadings of the intervenors after the intervention had been allowed. It is true that an intervention is within the sound discretion of the trial

court and will not ordinarily be disturbed on appeal, but once a party has been permitted to intervene, his pleading is subject to attack to the same extent as any other pleading and such attack is subject to review by this court when brought here by proper appeal. The motion to strike was overruled on November 25, 1947. The notice of appeal was served and filed on December 4, 1947, which was within the statutory time. The motion to strike here involved constituted a demurrer. The overruling of a demurrer is an appealable order. Hence, the motion to dismiss the appeal cannot be sustained.

Intervention is not an independent proceeding but is ancillary, and generally must be in subordination to and in recognition of the propriety of the main proceeding. (39 Am. Jur. 950, § 79.) Having been permitted to intervene, such intervenor may set up personal rights he has in the subject matter different from and in addition to those of the parties but may not assert an individual right against one of the parties which is not in subordination to and in recognition of the propriety of the main proceeding. An intervenor, when he has the requisite interest, may defend against the petition of the plaintiff where it is alleged and established that because of collusion or fraud the real defendant will not make an adequate and proper defense. But in the absence of such allegation and proof the intervenor may not take over the defense to the petition of the plaintiff. Here there is nothing in the allegations of the intervenors' pleadings intimating that the defense by Local 201 and its officers was not genuine and in good faith. As we have pointed out, the intervenors raised no new issue, showed no special interest in the subject matter other than that held in common by all of the 500 members of Local 201. When R. E. Angle was discharged as attorney for Local 201, the validity of those proceedings was tried out in the district court and sustained. When the confession of judgment was entered on December 1, 1947, the intervenors were represented in court by counsel and had an opportunity to contest the validity of the settlement. If they made any objections to the settlement it has not been recorded. As we have previously stated, subsequent to December 1, 1947, R. E. Angle was reëmployed to represent Local 201 and together with Harry N. Routzohn filed a motion in the district court on behalf of Local 201 to set aside the judgment of December 1, 1947, on the ground that it was made without authority. This motion was overruled and no appeal has

been taken therefrom. The judgment of December 1, 1947, is binding not only upon Local 201 but upon all members of Local 201, including the intervenors. It is thus clear that the issues between plaintiff and Local 201 have been settled and finally determined. The intervenors in their pleadings adopted the amended answer of Local 201. The intervenors' pleading presents no issues other than those presented by the amended answer of Local 201. It may be urged that the cross petition of intervenors raised an issue of the right of expulsion of the plaintiff as a member but that issue was presented by the amended answer and the prayer thereof. In any event, the intervenors had no interest in this question different from that held by Local 201. As individuals, intervenors could present this question only on behalf of Local 201. On the other hand, Local 201 has settled all its controversies with plaintiff by the judgment of December 1, 1947, and this leaves nothing for the intervenors to present. From what we have said, any issues raised by intervenors have become moot. Intervenors' pleading shows no interest which they have in the controversy different from that of other members of Local 201 who did not intervene. Intervenors are not entitled to a more favorable position than the nonintervening members of Local 201. (6 Cyc. Fed. Proc., pp. 498, 499, 513.) It follows that any questions raised by the pleading of the intervenors are now moot. Under such circumstances, it is the duty of this court to put an end to the litigation. (*Clewell v. School District,* 115 Kan. 176, 222 Pac. 74; *State, ex rel., v. Smith,* 140 Kan. 461, 463, 36 P. 2d 956; *Perrine v. Perrine,* 144 Kan. 219, 58 P. 2d 1080; *Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113.)

The judgment of the district court is reversed, with directions to dismiss this action as to the intervenors.