No. 48,632

BERTHA REIMER, *Appellee and Cross-Appellant,* v. ENA LEE DAVIS, *Appellant,* JOHN K. DEAR, *Third Party Defendant.*

(580 P.2d 81)

Opinion filed June 10, 1978.

*John H. Fields,* of Carson, Fields & Boal, of Kansas City, argued the cause and was on the brief for the appellant.

*Stephen D. McGiffert,* of McDowell, Rice & Smith, of Kansas City, argued the cause, and *Joseph H. McDowell,* of the same firm, was with him on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

FROMME, J.: This is an appeal and cross-appeal from a judgment determining the priority of liens on a mobile home and ordering a sale thereof to satisfy such liens. The plaintiff Bertha Reimer owned and operated a trailer park. The mobile home in question was purchased by Marian Kramer, now deceased, who located the mobile home in the trailer park under authority of an oral lease calling for monthly rent payments. Marian Kramer purchased the

mobile home with money borrowed from the defendant Ena Lee Davis. Kramer executed and delivered a note and chattel mortgage to Davis. The chattel mortgage was properly recorded prior to or at the time the mobile home was moved into the trailer park. Rent payments for the leased space fell due and remained unpaid. Payments on the note and chattel mortgage became due and remained unpaid.

Bertha Reimer, the owner of the trailer park, sued Ena Lee Davis as the beneficial owner of the mobile home to recover rental payments. The defendant Ena Lee Davis filed an answer denying liability for the rental payments, asking that the administrator of the estate of Marian Kramer, deceased, be brought in as a third party defendant, and claiming superior rights in the mobile home by reason of the recorded chattel mortgage.

This action was originally filed in the magistrate court. When the attorneys and the parties appeared for trial the magistrate expressed an opinion that the attorneys should settle the case. A written stipulation was prepared and signed by the attorneys fixing the unpaid amounts due the respective parties, authorizing a sale of the mobile home and granting a first lien to plaintiff for rentals due. A judgment was entered by the court on the stipulation of the attorneys. Apparently the attorney for defendant Ena Lee Davis did not seek or obtain her approval to the settlement stipulation. Two days later an appeal was perfected by the defendant Davis to the district court.

In the district court amended pleadings were filed. The plaintiff filed a motion to dismiss the appeal based on the provisions of K.S.A. 61-2101 and in response the defendant filed her affidavit setting forth the circumstances under which the stipulation was filed and the judgment was entered in the magistrate court. In the affidavit defendant stated that the stipulation was signed by her attorney and the judgment was entered without her consent or authority and that she openly objected to the case being concluded by agreement. In the affidavit she further stated that another attorney from the same firm had previously advised her that her lien under the chattel mortgage took precedence over plaintiff's rent claim, and that she so advised the attorney who appeared to represent her at the trial.

The district court overruled the motion and tried the case *de novo.* It determined the respective amounts due the parties,

ordered the mobile home sold to satisfy the judgments and concluded the plaintiff had a first and prior lien based on her rent claim which should be satisfied first out of the proceeds from a sale of the mobile home. In entering the judgment the trial judge on the record stated:

"Now, I'm going on the same theory as the old cases where you took your car into a garage to have it worked on and didn't pay the garage man. I remember there were a lot of cases that held that the garage man's charges came ahead of a chattel mortgage on the car, so I am going to adopt that same theory here as far as concerns rental space on the mobile home. I don't know whether that's the law or not, but I'll liken it to that and perhaps make some law. I really think it's logical and I think it's fair, and that's what I am going to do."

On appeal the defendant Davis raises one point. She contends the trial court erred in imposing a lien for rent owed and in giving that lien priority.

On cross-appeal the plaintiff Reimer contends the judgment by stipulation in the magistrate court was not appealable under K.S.A. 61-2101(1) and the district court erred in failing to dismiss the appeal.

We will consider the cross-appeal first.

K.S.A. 61-2101(1) provides:

"Any party to a civil action pursuant to this chapter may appeal from:
"(1) A final judgment, *except a judgment rendered on confession;*"

Cross-appellant argues the judgment entered on stipulation in the magistrate court was a "judgment rendered on confession" and an appeal therefrom is precluded by the foregoing statute. We do not agree that the judgment was entered on confession.

A judgment on confession was a creature by statute in Kansas. See G.S. 1949 60-3110, *et seq.,* and G.S. 1949 61-105. The former statute was repealed on January 1, 1964, and the latter statute was repealed on January 1, 1970. We have no procedural statute which now recognizes judgments on confession as previously authorized. The last vestige of the statutory judgment on confession appeared in K.S.A. 61-105 (Corrick). It related to civil procedure before justices of the peace and stated that any debtor could appear before a justice of the peace without process and confess that he was indebted to another. In such case the statute provided on application of the creditor judgment against the debtor could be rendered on such confession. This statute and G.S. 1949 60-3110, *et seq.,* were rarely, if ever, used.

When the present statute governing appeals from courts of limited jurisdiction (effective January 1, 1970) was adopted by the legislature the old statute providing for judgments on confession was repealed on the same date. See Laws of Kansas 1969, Ch. 290, Sec. 61-2101, p. 758, and Sec. 61-2606, p. 786. In preparing K.S.A. 61-2101(1) the drafters of the Code of Civil Procedure for Limited Actions apparently failed to delete the reference to a judgment rendered on confession. K.S.A. 61-105 (Corrick), which authorized judgments by confession, was repealed in the same act. Suffice it to say, Kansas no longer has a statutory provision for judgments by confession and the phrase "except a judgment rendered on confession" appearing in K.S.A. 61-2101(1) no longer has any force and effect.

The cross-appellant further argues that defendant Davis stipulated and consented to the judgment and by doing so she acquiesced in the judgment, waived any right to appeal, and is estopped to pursue the action further. We disagree.

Cross-appellant cites *Perrine v. Perrine,* 144 Kan. 219, 58 P.2d 1080 (1936), *In re Estate of Hill,* 179 Kan. 536, 297 P.2d 151 (1956), and *Anstaett v. Christesen,* 192 Kan. 572, 389 P.2d 773 (1964), in support of such argument. The cases are not persuasive under the facts of the present case.

Although the general rule is that a party is bound by a judgment entered on stipulation or consent and may not appeal from a judgment in which he or she has acquiesced there is a well-recognized exception in those cases when the party attacks the judgment because of lack of consent or because the judgment deviates from the stipulation or when the party's attorney had no authority to settle the case and did so without the agreement and consent of his client. (Anno. Consent Judgment—Appellate Review, 69 A.L.R.2d 755; *Edwards v. Cary,* 20 Kan. 414 [1878]; *Swift & Co. v. United States,* 276 U.S. 311, 72 L.Ed. 587, 48 S.Ct. 311 [1928].)

It would appear the better vehicle to use to challenge a consent decree on the narrow grounds constituting the exception in the above rule would be a motion for relief from the judgment. Such a motion could be filed in the court entering the consent judgment. See K.S.A. 60-260(*b*), (3) or (6). This procedure is adopted by reference for courts of limited jurisdiction. See K.S.A. 61-1725. See also *Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d

136 (10th Cir. 1966), in which a motion for relief was filed under Federal Rule 60 (b) to challenge a consent to entry of a judgment. The fact that a motion under K.S.A. 60-260(*b*) is a better remedy in such a case does not make it the exclusive remedy. Where the consent judgment is questioned on appeal to the district court from a court of limited jurisdiction we see no reason why the matter cannot be properly presented and decided before conducting the trial *de novo* as was done in the present case.

We have previously considered the nature and extent of an attorney's authority in handling a client's case. It has been recognized generally that a client is bound by the appearance, admissions, and actions of counsel acting on behalf of his client. (*Meyer v. Meyer,* 209 Kan. 31, 39, 495 P.2d 942 [1972].) The rule is limited, however, to control over procedural matters incident to litigation. The client has control over the subject matter of litigation. (*Giles v. Russell,* 222 Kan. 629, 635, 567 P.2d 845 [1977].) An attorney has no authority to compromise or settle his client's claim without his client's approval. (*Jones v. Inness,* 32 Kan. 177, 4 Pac. 95 [1884]; *Rickert v. Craddock,* 98 Kan. 143, 157 Pac. 401 [1916]. See also *Sette v. Sette,* 132 Kan. 375, 295 Pac. 1096 [1931], and 7 Am. Jur. 2d, Attorneys at Law § 128, pp. 128-129.)

The affidavit of defendant Davis filed in opposition to plaintiff's motion to dismiss the appeal sets forth sufficient facts to support a finding by the trial court that defendant did not consent to the stipulation, that she did object to the matter being concluded by such an agreement and that her attorney at the hearing before the magistrate settled her claim against her best interests and without her approval. The district court did not err in denying plaintiff's motion to dismiss. The case is affirmed on the cross-appeal.

We turn now to the appeal. Did the trial court err in concluding that plaintiff-appellee had a lien on the mobile home for rent that was superior to the defendant-appellant's lien evidenced by the pre-existing chattel mortgage? We believe it did.

As indicated at the outset of this opinion the trial judge likened the obligation for rent due for space occupied by the mobile home to a garageman's lien. Apparently the judge was referring to the provisions of K.S.A. 58-201 which impose a lien under certain circumstances for work, repairs or improvements on personal property, vehicles and the like.

The appellee makes no argument on this point. In her brief she states:

". . . She believes that the point on appeal presented by her as Cross-Appellant is dispositive of all issues in this case, and therefore, stands on the decision of the trial court with respect to Appellant's point on appeal."

The appellant in her brief argues this case falls under K.S.A. 58-2567(*a*) which reads:

"(*a*) Except as otherwise provided in this act, a lien or security interest on behalf of the landlord in the tenant's household goods, furnishings, fixtures and other personal property is not enforceable unless perfected prior to the effective date of this act."

During the oral arguments attorney for appellee conceded that the lien created by filing the chattel mortgage of record prior to moving the mobile home into the trailer park was superior to the rent claim of appellee. We believe appellee properly made this concession. K.S.A. 58-201 does not impose a lien for unpaid rentals due for possession and use of space in a trailer park under a month to month oral agreement. We find no statutory authority for such a lien under the residential landlord and tenant act, K.S.A. 58-2540, *et seq.* Accordingly we hold the trial court was in error in granting the plaintiff a first lien on the mobile home. The judgment is reversed on appeal and the case is remanded for further proceedings.