Robert R. LAING, Jr., Plaintiff,

v.

Arnold SHANBERG, David Rauzi, and
Sheila Horowitz, Defendants.

No. Civ.A. 97–2185–GTV.

United States District Court,
D. Kansas.

July 24, 1998.

Timothy J. Turner, Copilevitz, Bryant & Schmid, P.C., Overland Park, KS, for Plaintiff.

David S. Rauzi, Law Office of David S. Rauzi, Overland Park, KS, Arnold N. Shanberg, Kaplan, Shanberg & Goodman, Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff brings this malicious prosecution action alleging that defendants initiated a civil action against him without probable cause in January, 1995. The case is before the court on defendants' motion for summary judgment (Doc. 40). Having reviewed both the parties' pleadings and the arguments of counsel at a May 8, 1998 motions hearing, the court is now prepared to rule.[1] For the reasons set forth below, the motion is granted with respect to plaintiff's claims against defendant Sheila Horowitz and denied with respect to his claims against defendants Arnold Shanberg and David Rauzi.

### I. Background

In January 1995, Sheila Horowitz commenced a civil action in the Johnson County, Kansas District Court against a group of individuals, including Robert R. Laing, arising out of the will of her father, Harry Yukon. Horowitz alleged that Laing, who is an attorney, had negligently drafted the will and corresponding trust of her father and thereby deprived her of certain funds in her father's estate. Arnold Shanberg and David Rauzi represented Horowitz in the state court action.

On May 4, 1995, Laing filed a motion to dismiss the state court suit for failure to state a claim upon which relief could be granted. On June 8, 1995, Laing filed a motion for summary judgment in the same case. After conducting a hearing on the motions, Judge Gerald T. Elliott expressed "grave reservations" whether Horowitz had an actionable claim against Laing. Judge Elliott denied the motions at the time in order to permit the parties to conduct additional discovery but invited Laing to refile his summary judgment motion at the close of discovery. (*See* Pl.'s Resp. to Defs.' Mot. for Summ. J., Ex. A at 36–38).

On April 8, 1996, Horowitz filed a motion (although not denominated as such) seeking to dismiss with prejudice all claims against Laing.[2] Three days later, the court entered an order granting the motion and approving the litigants' proposal that each party bear its own costs for "depositions, attorneys' fees and related expenses." (Defs.' Mot. for

---

1. At the motions hearing, the court invited all parties to supplement their summary judgment briefing at any time prior to July 17, 1998. None of the parties accepted this invitation.

2. Horowitz's pleading was captioned "DISMISSAL WITH PREJUDICE AS TO DEFENDANT ROBERT R. LAING, JR." and was signed by Shanberg, Rauzi, and Laing's attorney, Randa Rawlins. Because the pleading was filed after Laing had filed a summary judgment motion and did not contain the signatures of all parties appearing in the case, Laing's dismissal could be effectuated only through an order of the court. *See* K.S.A. 60–241. Horowitz appeared to have been cognizant of this rule because her pleading was accompanied by a proposed dismissal order which Judge Elliott signed on April 11, 1996.

Summ. J., Ex. D). At the time, Laing had incurred nearly $26,000 in attorney fees and thousands of dollars in deposition costs.[3]

On April 8, 1997, Laing filed the instant action against Horowitz and her two attorneys, Arnold Shanberg and David Rauzi, alleging malicious prosecution in the May 1995 lawsuit.

## II. Summary Judgment Standards

In deciding a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984). A moving party is entitled to summary judgment only if the evidence indicates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can reasonably be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## III. Discussion

Defendants advance several arguments in support of their motion for summary judg-

ment. They jointly contend that plaintiff is unable to make a prima facie case of malicious prosecution and that, in any event, plaintiff's claim is barred by the doctrine of collateral estoppel. In addition, defendant Horowitz maintains that her reliance upon the advice of counsel insulates her from all liability. The court will address each argument in turn.

### A. Prima Facie Case

■ To state a claim of malicious prosecution under Kansas law, a plaintiff must establish each of the following five elements: (1) defendant initiated, continued, or procured the proceeding of which plaintiff now complains;[4] (2) defendant acted without probable cause; (3) defendant acted with malice; (4) the proceedings terminated in favor of plaintiff; and (5) plaintiff sustained damages. *Lindenman v. Umscheid*, 255 Kan. 610, 624, 875 P.2d 964, 974 (1994) (citing *Nelson v. Miller*, 227 Kan. 271, 276, 607 P.2d 438, 443 (1980) (*Nelson I*)). Defendants argue that plaintiff's claim has no merit because plaintiff is unable to prove that the state court lawsuit terminated in his favor. The court disagrees.

Tracking the language of the Restatement (Second) of Torts § 674, cmt. j (1977), the Kansas Supreme Court has held that civil proceedings may be terminated in favor of a defendant in three ways: (1) a favorable adjudication of the claims by a competent tribunal; (2) the plaintiff's withdrawal of the proceedings; or (3) the dismissal of the proceedings based on the plaintiff's failure to prosecute his claims. *Nelson I*, 227 Kan. at 280, 607 P.2d at 445. Plaintiff's theory of liability in this case rests exclusively on the second scenario.

■ Whether a plaintiff's withdrawal of proceedings constitutes a termination of the suit in favor of the defendant depends upon the totality of the circumstances. *Id.* at 280, 607 P.2d at 446. If the plaintiff dismisses his claims as a result of compromise or settle-

---

**3.** These figures come from statements of Laing's attorney at the May 8, 1998 summary judgment hearing.

**4.** The defendant need not have been a party to the prior civil action. The attorney who repre-

sented the plaintiff in the underlying suit may be held liable for malicious prosecution. *Nelson v. Miller*, 227 Kan. 271, 276, 607 P.2d 438, 443 (1980).

ment, the case cannot be said to have terminated in favor of the defendant. *Nelson v. Miller*, 233 Kan. 122, 131, 660 P.2d 1361, 1368 (1983) (*Nelson II*). If, on the other hand, the plaintiff gratuitously dismisses the defendant from the action, the defendant later may pursue a malicious prosecution claim against the plaintiff. *Nelson I*, 227 Kan. at 280–81, 607 P.2d at 446. In analyzing this issue, the court must bear in mind that malicious prosecution causes of action have long been disfavored in the law because they tend to discourage individuals from seeking redress in the courts. *Allin v. Schuchmann*, 886 F.Supp. 793, 797 (D.Kan.1995) (citations omitted); *see also* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 119, at 876 (5th ed.1984). The court, therefore, must construe the scope of the tort narrowly in order to protect litigants' right of access to the judicial process. *See Meyers v. Ideal Basic Indus., Inc.*, 940 F.2d 1379, 1383 (10th Cir.1991) (applying Oklahoma law); *DeVaney v. Thriftway Marketing Corp.*, 124 N.M. 512, 953 P.2d 277, 284 (1997); *Evans v. Alabama Professional Health Consultants, Inc.*, 474 So.2d 86, 87 (Ala.1985); *Joiner v. Benton Community Bank*, 82 Ill.2d 40, 44 Ill.Dec. 260, 411 N.E.2d 229, 231 (1980).

Two Kansas cases have dealt with malicious prosecution lawsuits in the aftermath of a voluntary dismissal. In *Marbourg v. Smith*, 11 Kan. 554 (1873), Smith initiated a malicious prosecution suit against two individuals who had sued him for slander in a prior action. *Id.* 11 Kan. at 560. During the pre-trial proceedings of the slander case, the two plaintiffs dismissed their claims against Smith without his agreement or authorization and agreed to pay him all costs expended in defense of the action. *Id.* 11 Kan. at 560–61.[5] After Smith commenced his malicious prosecution suit, the two defendants argued that the absence of a trial on the merits in their slander action barred a subsequent malicious prosecution by Smith. Rejecting this argument, the Kansas Supreme Court held that a plaintiff's voluntary dismissal of a defendant from a lawsuit may be considered a termination in favor of the defendant. *Id.* 11 Kan. at 562–63.

The state supreme court reached a similar conclusion in the *Nelson v. Miller* litigation. In the case precipitating that malicious prosecution action, a woman whose fetus was allegedly injured by the malpractice of her treating physicians sued five doctors and the hospital for negligence. More than eighteen months after filing the suit, the plaintiff dismissed one of the defendant doctors, R.A. Nelson, without prejudice. In the stipulated dismissal, Nelson agreed to waive any statute of limitations defense if the plaintiff later refiled her claims against him. *Nelson I*, 227 Kan. at 272, 607 P.2d at 440. After the remaining parties conducted discovery and filed dispositive motions, the court entered summary judgment in favor of all remaining defendants. *Id.*

Dr. Nelson then filed a malicious prosecution claim against the attorneys who had represented the plaintiff in the underlying negligence suit. Upon the defendants' motion, the trial court dismissed the case for failure to state a claim upon which relief could be granted. *Id.* at 273, 607 P.2d at 441. The supreme court reversed. Citing *Marbourg*, 11 Kan. at 562–63, the court held that a gratuitous dismissal of a "prior action without prejudice may be a termination in favor of the person against whom that action was brought." *Nelson I*, 227 Kan. at 281, 607 P.2d at 446.

On remand, the trial court convened a hearing to assess the circumstances surrounding the dismissal of Dr. Nelson from the negligence action. *Nelson II*, 233 Kan. at 124, 660 P.2d at 1363. The malicious prosecution action defendants insisted that they had dismissed Dr. Nelson from the negligence suit pursuant to a compromise. *Id.* 233 Kan. at 126–31, 660 P.2d 1361, 660 P.2d at 1365–68. Dr. Nelson maintained that his dismissal resulted solely from the opposing party's awareness of the lack of evidence against him. *Id.* The trial court granted summary judgment to the defendants on the theory that the stipulated dismissal amounted to a settlement that did not end the suit in favor of Dr. Nelson. *Id.* 233 Kan. at 124, 660

---

5. The law conferring upon prevailing parties the right to recover taxable costs was part of the Kansas legal landscape at the time of the *Mar-*bourg decision. *See* Kan.Gen.Stat., ch. 80, §§ 589–90 (1868) (statutory precursor to K.S.A. 60–2002).

P.2d 1361, 660 P.2d at 1363. Once again, the Kansas Supreme Court reversed on appeal. The court held that genuine issues of material fact remained on the events culminating in the dismissal of Dr. Nelson from the negligence case. *Id.* 233 Kan. at 131, 660 P.2d 1361, 660 P.2d at 1368. The court then ordered that the issues be submitted to the jury. *Id.*

In the case at bar, defendants maintain that Horowitz's dismissal of Laing from the initial negligence action resulted from a compromise. Specifically, defendants argue that, as a condition of dismissal, Laing agreed to forfeit his right to both attorney fees for frivolous litigation under K.S.A. 60–211 and taxable costs ordinarily conferred upon prevailing parties under K.S.A. 60–2002.[6]

▮ With respect to the attorney fees, defendants contend that Laing's waiver of fees precludes a finding that the state court case terminated in his favor. Although, Kansas courts have the power to sanction parties for filing specious lawsuits with an award of attorney fees pursuant to K.S.A. 60–211(c) (Supp.1997), that statute does not act as an automatic bar to subsequent malicious prosecution actions when a litigant waives his "right" to attorney fees in a dismissal order. K.S.A. 60–211 is designed to discourage frivolous litigation; it is not intended to make a party whole. A stipulation in which all parties agree to bear their own attorney fees, therefore, has no relationship to K.S.A. 60–211(c). Accordingly, summary judgment is denied on this issue.

▮ The court reaches a similar result with respect to Laing's waiver of taxable costs. If, in fact, Horowitz agreed to dismiss

Laing from the state court action only on Laing's decision to waive his costs, Laing's forbearance constituted legal consideration and the lawsuit did not terminate in his favor. *See Pender v. Radin,* 23 Cal.App.4th 1807, 29 Cal.Rptr.2d 36, 40 (1994); *Villa v. Cole,* 4 Cal.App.4th 1327, 6 Cal.Rptr.2d 644, 649 (1992); *Armstrong World Indus., Inc. v. Superior Court,* 215 Cal.App.3d 951, 264 Cal. Rptr. 39, 43 (1989). Laing claims, however, that there was no consideration exchanged and that his dismissal from the action was nothing more than a gratuitous maneuver by the plaintiff.[7] Laing supports this position with his own affidavit as well as that of his attorney in the underlying negligence suit. (*See* Pl.'s Resp. to Defs.' Mot. for Summ. J., Exs. B & C).

The order dismissing Laing from the negligence case was drafted by Horowitz's attorneys and the only evidence in the record suggests that Laing's attorney simply signed the document as a procedural matter. There is no evidence of any negotiations or settlement discussions preceding the filing of the order. Moreover, it seems unlikely that at the time of his dismissal, Laing had incurred any taxable costs which he could have waived. *See* K.S.A. 60–2003 (describing items that may be included in the taxation of costs under K.S.A. 60–2002). He had paid thousands of dollars in stenographic charges arising out of various depositions but, under Kansas law, such costs are taxable only if the depositions are used as evidence at trial. *See* K.S.A. 60–2003(5). At best, defendants' evidence creates a genuine issue for the trier of fact to resolve as to the circumstances surrounding the dismissal of the negligence lawsuit.[8] Defendants fall short of demonstrating

---

6. Defendants raised their waiver of attorney fees theory for the first time at the summary judgment hearing. Because of the confusion surrounding the procedural posture of this dispute, the court will address the merits of defendants' argument.

7. Laing alternatively argues that he never personally agreed to waive any taxable costs, and only became aware of the terms of the dismissal order after it had been signed and approved by the state court. The Kansas Supreme Court has held that, although a party is normally bound by a stipulated judgment, the party may attack the judgment "because of a lack of consent or because the judgment deviates from the stipulation or when the party's attorney had no authority to

settle the case and did so without the agreement and consent of his client." *Reimer v. Davis,* 224 Kan. 225, 228, 580 P.2d 81, 84 (1978). The proper method to attack such an unauthorized judgment, however, would be to file a motion for relief from judgment pursuant to K.S.A. 60–260(b) in the state court in which the judgment was entered. *Id.* at 228–29, 580 P.2d at 84–85. Laing cannot attack the judgment collaterally in this federal court proceeding.

8. Restatement (Second) of Torts § 673(1)(b) (1977) suggests that in a malicious prosecution action, the determination whether a prior proceeding terminated in favor of the defendant is within the sole province of the court. The Kan-

that summary judgment is appropriate on this matter.

### B. Collateral Estoppel

██ Defendants next argue that Laing's malicious prosecution claim is barred by the doctrine of collateral estoppel. This doctrine, often referred to as issue preclusion, is applicable only if the following three elements are present: "(1) a prior judgment must have been entered on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment." *State of Kan. v. Kelly*, 262 Kan. 755, 767, 942 P.2d 579, 587 (1997).

██ Judge Elliott's rulings on Laing's dispositive motions in the state court negligence action do not bar Laing's malicious prosecution suit. The judge apparently denied Laing's motion to dismiss without comment and specifically indicated his "grave reservations" over the validity of Horowitz's claim. He also encouraged Laing to refile his summary judgment motion at the conclusion of the discovery period. It is clear that there was no final judgment on the merits determining the rights and liabilities of the parties. Accordingly, defendants' collateral estoppel defense is rejected.

### C. Horowitz's Reliance Upon Advice of Counsel

██ Horowitz argues that she is not vulnerable to liability on plaintiff's malicious prosecution claim because she relied upon the advice of her attorneys in filing her negligence action in state court. An individual has probable cause for suit when she reasonably believes that her complaint is legally sound. *Nelson I*, 227 Kan. at 277, 607 P.2d at 443–44. Her reliance upon the advice of counsel may provide that reasonable belief. *Id.* at 279, 607 P.2d at 445. The Kansas Supreme Court, however, has placed multiple limitations on this defense.

A defendant who claims protection because he acted on the advice of others, must show, in order to establish his defense, that he did not seek to procure an opinion in order to shelter himself, but acted in good faith, believing that he had good cause for his action; that he made a full and honest disclosure of all the material facts within his knowledge or belief; that he was himself doubtful of his legal rights, and had reason to presume that the person whose advice he sought or followed was learned in the law and of such training and experience that he might safely be presumed to be competent to give wise and prudent counsel in important matters and to act under a sense of responsibility; and that he honestly pursued the directions of his adviser.

*Hunt v. Dresie*, 241 Kan. 647, 654, 740 P.2d 1046, 1052 (1987) (internal alterations omitted) (citing 52 Am.Jur.2d *Malicious Prosecution* §§ 77, 78, 83, 84, 86 & 87).

Citing Horowitz's deposition testimony, Laing argues in his summary judgment response that Horowitz had no legitimate rationale for pursuing a negligence claim based on Laing's drafting of her father's will. Even if true, that fact does not refute Horowitz's defense that she relied on the advice of her attorneys in bringing the action. Laing does not allege that Horowitz consulted with attorneys solely to shelter herself from liability or that she neglected to disclose all pertinent information to her counsel. Laing simply states that Horowitz had an inadequate factual basis to support even probable cause for a negligence case. Laing's arguments may be relevant to his claims against Shanberg and Rauzi, but they are immaterial to Horowitz in light of her reliance on counsel. Horowitz's motion for summary judgment is granted.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for summary judgment (Doc. 40) is granted with respect to plaintiff's claims against Horowitz

---

sas Supreme Court appears to have rejected this position in *Nelson II* by holding that factual disputes on favorable termination issues must be resolved by the trier of fact. 233 Kan. at 131, 660 P.2d at 1368. *Accord Frey v. Stoneman*, 150 Ariz. 106, 722 P.2d 274, 279 (1986) (en banc).

and denied with respect to plaintiff's claims against Shanberg and Rauzi.

**IT IS SO ORDERED.**