No. 48,435

ELAINE GALLIART GILES, *Appellant,* v. CLIFFORD T. RUSSELL, SR., and ELLEN N. RUSSELL, husband and wife; BETTY L. STANCIL and J. B. STANCIL, husband and wife; VERA M. DUNN and HAROLD D. DUNN, wife and husband; CLIFFORD T. RUSSELL, JR., and BLANCA E. RUSSELL; JUDY A. THOMPSON and RONNIE L. THOMPSON and CHARLES D. RUSSELL and his wife, *Appellees.*

(567 P.2d 845)

Opinion filed July 11, 1977.

*E. Dexter Galloway,* of Hutchinson, argued the cause and was on the brief for appellant.

*Morgan Wright,* of Larned, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

FATZER, C. J.: This appeal arises from a dispute over a lease with option to purchase agreement entered into by the appellant as lessee and the appellees as lessors. The subject matter of the agreement was approximately one-half section of farm land in Pawnee County, Kansas.

In 1944, the land in question was conveyed to "Clifford T. Russell and Ellen Russell, husband and wife, or the survivor of them for the period of their natural lives, and at the death of the survivor, their then living children . . . ." On June 27, 1972, Mr. and Mrs. Russell, for themselves and as attorneys in fact for their five children and their spouses, executed a "Farm Lease and Option to Purchase" agreement with the appellant. Under the terms of the agreement, the appellant had four months to exercise her option to purchase.

Within the four-month period, the appellant advised the appellees she wished to exercise her option to purchase the land. However, because of title defects, no lending institution would advance the appellant the required purchase price. Consequently, she suggested to the appellees that the sale be made on an installment contract basis. The parties discussed the terms of an installment contract, but no final agreement was reached.

On June 29, 1973, the appellant filed suit to specifically enforce the option contract and compel the lessors to deliver a warranty deed with marketable title, or in the alternative to proceed according to the terms of an installment contract. The appellees counterclaimed for possession of the land contending the option had not been properly exercised and the lease forfeited for non-payment of rent.

Trial to the court commenced on October 21, 1975. Judgment was entered December 31, 1975. The district court held, *inter alia,* that the plaintiff had failed to properly exercise her option, that the lease was not extinguished, and that the parties should assume the same standing in relation to the premises as though there had never been an attempted exercise of the option.

The appellant filed a "motion for rehearing" on January 28, 1976. It was heard on February 26, 1976, and denied on March 5, 1976. On April 2, 1976, the appellant filed her notice of appeal from the district court's order denying her motion for rehearing and relief from judgment under K.S.A. 60-260, and from that portion of the judgment of the district court denying specific performance of the option contract.

Before reaching the merits of the appeal from the district court's judgment denying specific performance of the option contract, we must address a preliminary matter. After the appeal

was docketed in the Supreme Court, the appellees filed a motion to dismiss. The motion was denied with leave to renew at the hearing on the merits. Appellees renewed their motion to dismiss in their brief and at oral argument.

The appellees contend the appeal from the district court's judgment denying specific performance should be dismissed because the notice of appeal was not timely filed. We agree.

K.S.A. 60-2103(a) governs the time within which an appeal may be taken:

"When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by K.S.A. 60-258, except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time herein prescribed. *The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated,* and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under subsection (*b*) of K.S.A. 60-250; or granting or denying a motion under subsection (*b*) of K.S.A. 60-252 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under K.S.A. 60-259 to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259." (Emphasis added.)

K.S.A. 60-2103(a) parallels Federal Rule of Appellate Procedure 4(a). In 9 Moore's Federal Practice, Par. 204.12[1], page 950 (2d ed. 1975), it is said:

"There are two points of critical importance with respect to the effect of post-decisional motions on the time for appeal: (1) only a motion of the kind enumerated in the second paragraph of Rule 4(a) will terminate the running of the time for appeal; and (2) such a motion will terminate the running of the time for appeal only if it is timely made."

By the express terms of K.S.A. 60-2103(a), only a timely motion pursuant to K.S.A. 60-250(b), K.S.A. 60-252(b) or K.S.A. 60-259 will terminate the running of the time for appeal. To be timely, such motions must be made within ten days after the entry of judgment.

Neither the "motion for rehearing" filed by the appellant nor the district court's order denying the motion indicates under what statute the motion was filed. It was filed twenty-eight days after the entry of judgment. The record on appeal indicates that at the

hearing on the motion, the appellant adopted the position that her motion was brought under K.S.A. 60-260. Her notice of appeal so states.

K.S.A. 60-260(*b*) was patterned after and is virtually identical to Rule 60(b) of the Federal Rules of Civil Procedure. *Neagle v. Brooks,* 203 Kan. 323, 454 P.2d 544. Rule 60(b) and K.S.A. 60-260(*b*) expressly provide that a motion under subsection (*b*) does not affect the finality of a judgment or suspend its operation. The Committee Note that accompanied original Rule 60(b) explained that application to the court under subsection (*b*) does not extend the time for taking an appeal, as distinguished from a motion for a new trial. See 9 Moore's Federal Practice, par. 204.12[1], page 953 (2d ed. 1975).

Federal courts are in accord that filing a motion for relief from a judgment pursuant to Civil Rule 60(b) does not terminate the running of the time for appeal. *Hodgson v. United Mine Workers of America,* 473 F.2d 118 (D.C. Cir. 1972) is illustrative of the federal cases:

".   .   . [M]otions filed under Rule 60(b) for relief from a judgment or order do not toll the time for filing a notice of appeal from such judgment or order. Nor can Rule 60(b) be used to circumvent time requirements by the simple expedient of vacating a judgment and reinstating it in order to start anew the running of the appeal period." (p. 124.)

The Supreme Court has only such appellate jurisdiction as is conferred by statute. This court has no jurisdiction to hear appeals not filed within the time limits set by K.S.A. 60-2103. Absent compliance with the statutory rule, this court has the duty to dismiss the appeal. *Brown v. Brown,* 218 Kan. 34, 542 P.2d 332. In the instant case, no timely motion as enumerated in K.S.A. 60-2103(*a*) was filed to toll the time for filing a notice of appeal, and the notice of appeal was not filed within thirty days of the entry of judgment. We therefore hold that the appeal from the judgment of the district court denying specific performance of the option contract should be and is dismissed.

The appellant also appealed from the denial of her motion pursuant to K.S.A. 60-260(*b*). Appeal from an order denying a motion under K.S.A. 60-260(*b*) brings up for review only the order of denial itself and not the underlying judgment. *Neagle v. Brooks,* supra; *see* 11 Wright & Miller, Federal Practice and Procedure, Civil § 2871 (1973). A motion for relief from a final

judgment under K.S.A. 60-260(*b*) is addressed to the sound discretion of the district court. The scope of appellate review of the district court's decision is limited to whether the court abused its discretion. *Neagle v. Brooks,* supra.

The appellant advances three grounds on which she contends the district court erred in not granting a rehearing on her K.S.A. 60-260(*b*) motion. She first contends the appellees' contract of employment with attorney Morgan Wright made Wright and a Larned bank "indispensible parties" to the litigation, and it was error not to join them. The appellant states she learned of the provisions of the employment contract only after the time had passed for a motion for new trial. In her motion for rehearing, the appellant asked that the suit be retried with the "indispensible parties" joined.

K.S.A. 60-219 provides that a "contingently necessary person" subject to service of process *shall* be joined as a party in the action. Subsection (*a*) says a person is contingently necessary if:

". . . (1) complete relief cannot be accorded in his absence among those already parties, or (2) he claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action in his absence may . . . (*ii*) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

In the "Employment Agreement and Power of Attorney," the clients (Mr. and Mrs. Russell for themselves and as attorney in fact for their children) confirmed their employment of Morgan Wright as their attorney in handling events of the instant suit waged by the appellant and in prosecuting counterclaims in that action. The clients agreed to pay Wright a contingent fee for his services on any recovery, and, in addition, agreed to reimburse him for expenses properly incurred. The clients would owe Wright nothing for his services if no recovery were made. To secure Wright's compensation, the clients authorized him to appoint a Larned bank as managing agent of the subject real estate. The bank was to serve as the client's attorney in fact. The clients agreed that the powers granted to the bank as attorney in fact were irrevocable until Wright was fully compensated for his services and fully reimbursed for his expenses. The agreement expressly stated it created an attorney's lien on the subject real estate as additional security for compensation and reimbursement under the agreement.

The appellant reads this agreement as placing the control and management of both the litigation and the real estate in the hands of Wright and an unnamed Larned bank. The appellee contends no bank was ever appointed. A managing agent was not necessary until possession of the land was regained, and the district court ruled the appellant's ten-year lease was still in effect.

The record on appeal shows no appointment, acceptance or act by anyone acting as managing agent of the land. The district court did not abuse its discretion in failing to vacate a judgment on the ground an unappointed attorney in fact was not joined as a party to the action.

Nor do we think the district court erred in refusing to vacate its judgment so attorney Morgan Wright could be joined as a party. Generally speaking, an attorney is not a party to a suit for which he is retained (7 C.J.S. *Attorney and Client,* Sec. 66 [1937]), and a contingent fee does not give an attorney such an interest in the litigation so as to make him a party (7 Am.Jur.2d *Attorney at Law,* Sec. 218 [1963]). To be sure, Wright did have an interest in the subject matter of litigation because of his contingent fee contract. However, this interest did not, in our view, make him a contingently necessary person under K.S.A. 60-219.

The appellant next contends the district court erred in not granting a rehearing on her 60-260 motion because Morgan Wright, while acting as counsel for the appellees, acquired an interest in the subject matter of the litigation contrary to Canon 5, DR 5-103. The express terms of Disciplinary Rule 5-103 refute this contention:

"*Avoiding acquisition of interest in litigation.* (A) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation he is conducting for a client, except that he may: (1) Acquire a lien granted by law to secure his fee or expenses. (2) Contract with a client for a reasonable contingent fee in a civil case."

Finally, the appellant contends the district court erred in not granting a rehearing on the 60-260 motion because Morgan Wright as counsel for the appellees wrongly refused to permit his clients to settle this case in accordance with their agreement with the appellant, contrary to the rights of the litigants to exercise exclusive control over the subject matter of their lawsuits. The appellant makes the bald assertion that Wright advised his clients they could not settle their case without his consent and approval

so as to further the litigation and increase his legal fees. The record does not bear this out.

It is generally recognized that while the attorney has exclusive control over procedural matters incident to litigation, the client has exclusive control over the subject matter of litigation. 7 Am.Jur.2d *Attorney at Law,* Sec. 149 (1963). For this reason, the client may, in good faith, settle or compromise his litigation or claims with the opposing party at any stage of the suit without the knowledge or consent of the attorney, and such settlements are favored by the law where they are honestly made for the simple purpose of ending the litigation with no intention of taking advantage of the attorneys. 7 C.J.S. *Attorney and Client,* Sec. 105 (1937). Neither a valid contingent fee contract nor an attorney's lien can interfere with a client's right to settle. 7 C.J.S. *Attorney and Client,* Sec. 187b (3), 231a. An employment contract which prevents the client from settling without the consent of the attorney is void as against public policy. *Dannenberg v. Dannenberg,* 151 Kan. 600, 100 P.2d 667; *Railway Co. v. Service,* 77 Kan. 316, 94 Pac. 262.

In the case at bar, the employment contract contained no provisions forbidding settlement by the client. Before suit was filed, the parties discussed terms of an installment contract as an alternative to purchase under the option contract. The appellant's proposal was finally rejected by a letter from Wright on behalf of his clients. At trial, the parties were in favor of settling, but Wright opposed settlement on terms not in line with the actual value of the property. The record indicates that the value of the property in question was increasing throughout the period of this controversy. After trial, the parties again discussed terms of settlement, but the appellees "decided against accepting this settlement offer." The appellees made a subsequent offer through Wright which the appellant did not accept.

The record leaves little doubt that Wright actively opposed settlement on terms he thought were out of line with the actual value of the property involved. It is possible he was overzealous in this respect. However, Wright's clients make no complaint about his counsel regarding settlement. We note the record indicates the land was sold to a third party after the district court's denial of the motion for rehearing. We cannot say the district court abused its discretion in denying a rehearing on the ground

Wright improperly interfered with his clients' efforts to settle. The judgment is affirmed.

SCHRAEDER, J., discents from Syllabus No. 5 (2).