(605 P.2d 587)

No. 51,097

IRENE MIOTK, *Appellant,* v. VERNON F. RUDY, *Appellee.*

Petition for review denied March 7, 1980.

Opinion filed January 18, 1980.

*Jeffrey O. Ellis* and *Reid F. Holbrook,* of Steineger and Holbrook, of Kansas City, for the appellant.

*Bill E. Fabian,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for the appellee.

Before FOTH, C.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: Plaintiff appeals from the denial of a K.S.A. 60-260(*b*) motion to set aside a judgment of dismissal of her cause of action against defendant. The sole question on appeal is

whether the trial court abused its discretion in denying the motion.

Plaintiff was allegedly injured when the vehicle in which she was a passenger was struck by a vehicle driven by defendant. Plaintiff retained John D. Logsdon, a Prairie Village attorney, to represent her in a personal injury action. A petition alleging defendant's negligence and seeking damages was filed December 27, 1976. At a pretrial conference in March, 1978, defendant admitted liability, leaving the nature and extent of plaintiff's injuries as the only triable issues. Settlement negotiations ensued.

On June 13, 1978, pursuant to negotiations between Mr. Logsdon and defendant's attorney, two drafts totaling $10,000, together with a stipulation and order of dismissal and a release were mailed to Mr. Logsdon. The first draft was for $6,287.69 and was made payable to "Irene Miotk and John D. Logsdon, her attorney." The second draft was for $3,712.31 and was made payable to plaintiff's PIP carrier and Mr. Logsdon. Logsdon thereafter failed to return the stipulation or the release despite requests by the defendant's attorney in letters of July 17 and August 31, 1978. The trial court set the matter for trial on October 16, 1978. On that date neither plaintiff nor Mr. Logsdon appeared. Defendant's attorney advised the court that he had spoken by telephone to Mr. Logsdon that day and that the settlement was still "on." Mr. Logsdon was then personally contacted by the court and affirmed that the settlement was agreed to. The court then approved the settlement and dismissed plaintiff's action with prejudice.

Unknown to all parties or the court, Logsdon had apparently forged plaintiff's endorsement to the draft made payable to plaintiff and Logsdon as her attorney, and received the proceeds. At some point after plaintiff's action was dismissed, she retained new counsel. By letter on November 8, 1978, defendant's attorney informed plaintiff's new counsel of the settlement reached with Logsdon and provided copies of the endorsed draft. On March 13, 1979, plaintiff filed the present K.S.A. 60-260(b) motion to set aside the dismissal of her action. The motion was supported by the following affidavit of plaintiff:

"Irene Miotk, of lawful age, being first duly sworn, deposes and says:

"She is the named plaintiff in the case styled Irene Miotk v. Vernon F. Rudy, Case No. 66314, filed in the District Court of Wyandotte County, Kansas, which she filed through her attorney John Logsdon on December 27, 1976. She at no time authorized the settlement of the case independently or through her attorney for any amount. She was advised of a settlement offer in the case from defendants by

her attorney in May, 1978. She stated to her attorney her objection to the settlement offer at the time she became aware of it. She never heard from her attorney after that meeting in May, 1978 and was never offered any sum of money by or through him as settlement of her case. She never endorsed any checks made out to her and her attorney representing settlement of her case.

"Further affiant says not."

The trial court denied the motion, holding that if the plaintiff is aggrieved by the settlement approved by the court, she has a cause of action against her then-attorney whom she chose and retained to prosecute the action. Plaintiff appeals.

Defendant categorizes plaintiff's motion as a collateral attack on the judgment of dismissal. He points out that plaintiff learned of the settlement and dismissal, as evidenced by the November 8, 1978, letter from his attorney to plaintiff's new counsel, within time to appeal from the dismissal. He maintains that this should in some way preclude consideration of plaintiff's motion.

It is well settled that a motion filed pursuant to K.S.A. 60-260(*b*) for relief from judgment does not affect the finality of the judgment or suspend its operation, nor does it toll the time for filing a notice of appeal from such judgment. In addition, an appeal from an order denying such a motion brings up for review only the order of denial itself and not the underlying judgment. *Giles v. Russell,* 222 Kan. 629, Syl. ¶¶ 2, 4, 567 P.2d 845 (1977). However, the fact that plaintiff might have appealed from the judgment of dismissal does not, in this case, preclude a motion under K.S.A. 60-260(*b*) nor limit the power of the court to grant relief thereunder if otherwise proper. In *Reimer v. Davis,* 224 Kan. 225, 580 P.2d 81 (1978), judgment was entered in magistrate court on a stipulation by the parties' attorneys. Defendant, contending she had not authorized the stipulation settlement, appealed to the district court. That court refused to dismiss the appeal on a claim of compromise settlement and considered the case on its merits. On appeal to the Supreme Court, it was held that the district court did not err in doing so. The court indicated, however, that the preferred method of challenging the unauthorized stipulation settlement was by a K.S.A. 60-260(*b*) motion.

"Although the general rule is that a party is bound by a judgment entered on stipulation or consent and may not appeal from a judgment in which he or she has acquiesced there is a well-recognized exception in those cases when the party attacks the judgment because of lack of consent or because the judgment deviates from the stipulation or when the party's attorney had no authority to settle the case

and did so without the agreement and consent of his client. (Anno. Consent Judgment—Appellate Review, 69 A.L.R.2d 755; *Edwards v. Cary*, 20 Kan. 414 [1878]; *Swift & Co. v. United States*, 276 U.S. 311, 72 L.Ed. 587, 48 S.Ct. 311 [1928].)

"It would appear the better vehicle to use to challenge a consent decree on the narrow grounds constituting the exception in the above rule would be a motion for relief from the judgment. Such a motion could be filed in the court entering the consent judgment. See K.S.A. 60-260(*b*), (3) or (6). This procedure is adopted by reference for courts of limited jurisdiction. See K.S.A. 61-1725. See also *Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136 (10th Cir. 1966), in which a motion for relief was filed under Federal Rule 60(b) to challenge a consent to entry of a judgment. The fact that a motion under K.S.A. 60-260(*b*) is a better remedy in such a case does not make it the exclusive remedy. Where the consent judgment is questioned on appeal to the district court from a court of limited jurisdiction we see no reason why the matter cannot be properly presented and decided before conducting the trial *de novo* as was done in the present case." 224 Kan. at 228-229.

The reason that a motion under K.S.A. 60-260(*b*) is the better remedy is clear. The questions of whether the attorney lacked authority to compromise and whether the client consented are essentially factual. The trial court is thus in a far better position to assess those issues than an appellate court, especially where no evidence on this issue exists in the record because it was never presented below. Thus, the fact no appeal was taken from the judgment in this case should not affect consideration of the merits of plaintiff's K.S.A. 60-260(*b*) motion. Finally, it should be noted that defendant makes no specific argument that plaintiff's motion was not filed within a "reasonable time" as required by the statute.

We turn then to the merits of plaintiff's motion. The scope of appellate review of the denial of a K.S.A. 60-260(*b*) motion is limited to whether the court abused its discretion. *Giles v. Russell*, 222 Kan. 629; *Richardson v. Richardson*, 3 Kan. App. 2d 610, 599 P.2d 320, *rev. denied* 226 Kan. 792 (1979).

Plaintiff relies on the rule as to an attorney's authority to settle a case stated in *Reimer v. Davis*, 224 Kan. at 229:

"We have previously considered the nature and extent of an attorney's authority in handling a client's case. It has been recognized generally that a client is bound by the appearance, admissions, and actions of counsel acting on behalf of his client. (*Meyer v. Meyer*, 209 Kan. 31, 39, 495 P.2d 942 [1972].) The rule is limited, however, to control over procedural matters incident to litigation. The client has control over the subject matter of litigation. (*Giles v. Russell*, 222 Kan. 629, 635, 567 P.2d 845 [1977].) An attorney has no authority to compromise or settle his client's claim without his client's approval. (*Jones v. Inness*, 32 Kan. 177, 4 Pac. 95 [1884]; *Rickert v. Craddock*, 98 Kan. 143, 157 Pac. 401 [1916]. See also *Sette v.*

Sette, 132 Kan. 375, 295 Pac. 1096 [1931], and 7 Am. Jur. 2d, Attorneys at Law § 128, pp. 128-129.)"

Defendant, while recognizing the rule in *Reimer,* characterizes it as "idealistic in concept, but extremely difficult . . . to follow." He points out that he clearly relied on the representations of plaintiff's attorney and that the dismissal was entered pursuant to the express representation of plaintiff's attorney to the court and defense counsel that the settlement was authorized. Defendant urges as a matter of public policy that the dismissal should not be set aside.

Defendant's argument is essentially that an attorney should be held to have apparent authority to settle an action. This appears to be the rationale of the trial court's denial of the plaintiff's motion. This argument is at first glance appealing. It is clear that the relation of attorney and client is one of agency and the general rules of law that apply to agency apply to that relation. *Pearcy v. First National Bank,* 167 Kan. 696, 208 P.2d 217 (1949). The law recognizes two distinct types of agency, actual and ostensible or apparent. *Brown v. Wichita State University,* 217 Kan. 279, 286, 540 P.2d 66 (1975), *vacated in part on other grounds* 219 Kan. 2, 547 P.2d 1015 (1976). The evidence is uncontradicted that Logsdon lacked actual authority to settle plaintiff's case and there is no issue in that regard. However, the liability of the principal for the acts and contracts of his agent is not limited to such acts and contracts of the agent as are expressly authorized, necessarily implied from express authority, or otherwise actually conferred by implication from the acts and conduct of the principal. All such acts and contracts of the agent as are within the apparent scope of the authority conferred on him, although no actual authority to do such acts or to make such contracts has been conferred, are also binding upon the principal. Apparent authority, or ostensible authority as it is also called, is that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing. Accordingly, an apparent agent is one who, with or without authority, reasonably appears to third persons to be authorized to act as the agent of another. *Ford v. Guarantee Abstract & Title Co.,* 220 Kan. 244, 268, 553 P.2d 254 (1976), quoting *Greep v. Bruns,* 160 Kan. 48, 55-56, 159 P.2d 803 (1945).

The difficulty in the present case is that there is no evidence of

apparent authority on the part of Logsdon to settle plaintiff's case other than his retention as her attorney. In 7 C.J.S., Attorney and Client § 105, p. 931, the rule is stated:

"If there has been nothing beyond a mere employment or retainer of the attorney to represent the client in a cause the attorney . . . thereby acquires no apparent authority to make a compromise or settlement, and if the attorney seeks to do so it is incumbent upon the opposing party to ascertain at his peril whether actual authority to take such action has been conferred upon the attorney. In other words, if the client has not held his attorney out to the opposing party as having any other or greater power than an attorney authorized to take charge of litigation for a client commonly has, such other party is charged with knowledge that agreements of compromise or settlement do not come within the implied authority of the attorney; and it is open to the client to show any restrictions or limitations that may have been placed on the attorney's authority to compromise."

See also Annot., 30 A.L.R.2d 944. Kansas law is in accord on the general agency principle that those who deal with an agent whose authority is limited to special purposes are bound at their peril to know the extent of his authority. *Bohart, Dillingham & Co. v. Oberne, Hosick & Co.,* 36 Kan. 284, 13 Pac. 388 (1887). It is clear from *Reimer v. Davis,* 224 Kan. 225, that an attorney, as agent for his client, is limited to control over procedural matters incident to litigation. Under the facts of that case it may be said that an attorney ordinarily has no apparent authority to settle his client's action without the client's consent.

There being no evidence other than Logsdon's employment as plaintiff's attorney of Logsdon's apparent authority to settle plaintiff's action, we hold that the trial court abused its discretion in denying plaintiff's motion pursuant to K.S.A. 60-260(*b*) to set aside the judgment of dismissal. The case is remanded with directions to grant plaintiff's motion and proceed with trial of the issues on the merits.

Reversed and remanded with directions.