749 P.2d 90

**NAVAJO TRIBE OF INDIANS,**
Plaintiff–Appellant,

v.

**HANOSH CHEVROLET–BUICK, INC., a New Mexico corporation, and General Motors Corporation, a Delaware corporation, Defendants–Appellees.**

No. 17059.

Supreme Court of New Mexico.

Feb. 2, 1988.

Rehearing Denied Feb. 19, 1988.

Donna C. Bradley, Window Rock, Navajo Nation, Ariz., for plaintiff-appellant.

Atwood Malone, Mann & Turner, Russell D. Mann, Roswell, for defendant-appellee GMC.

Bruce Boynton, Grants, for defendant-appellee Hanosh.

## OPINION

SOSA, Senior Justice.

This appeal arises from the Cibola County District Court's stipulated settlement order entered on January 29, 1987. The Navajo Tribe of Indians (Tribe) appeals, alleging that it never consented to the settlement agreement and therefore should not be bound by it. We affirm.

FACTS

The Tribe filed suit against Hanosh Chevrolet–Buick, Inc. and General Motors Corporation (defendants), alleging breach of contract and conversion of monies for vehicles purchased by the Tribe. Trial was scheduled for June 30, 1986. A month before trial, the district court scheduled a pre-trial settlement conference. No agreement was reached at this time, but was later reached on the date of trial. The proposed settlement was read into the record, with all parties approving the terms of the settlement in open court. A representative of the Tribe, Bobby White, stated in court that he understood the terms of settlement and agreed to them, as did counsel for the Tribe. Subsequently, on January 29, 1987, the Tribe rejected the proposed settlement and requested a new trial. The defendants moved to have the court enter a stipulated settlement. Defendants'

motion was granted. On February 9, 1987, the Tribe filed a motion for reconsideration, which the district court denied. The sole issue on appeal is whether the district court erred in entering the stipulated settlement order.

▮ It is the policy of the law and of the State of New Mexico to favor settlement agreements. *Bogle v. Potter,* 68 N.M. 239, 360 P.2d 650 (1961); *Esquibel v. Brown Constr. Co.,* 85 N.M. 487, 513 P.2d 1269 (Ct.App.), *cert. denied,* 85 N.M. 483, 513 P.2d 1265 (1973). The Tribe maintains that the settlement is void because its attorney, Donna Bradley, did not have actual authority to settle its claim. While an attorney's authority to settle must be expressly conferred, *Augustus v. John Williams & Assoc., Inc.,* 92 N.M. 437, 589 P.2d 1028 (1979), it is presumed that an attorney of record who settles his client's claim in open court has authority to do so unless rebutted by affirmative evidence to the contrary. *Hot Springs Coal Co. v. Miller,* 107 F.2d 677 (10th Cir.1939); *see also Szymkowski v. Szymkowski,* 104 Ill. App.3d 630, 60 Ill.Dec. 310, 432 N.E.2d 1209 (1982); *Snyder v. Tompkins,* 20 Wash.App. 167, 579 P.2d 994 (1978). Here there is no evidence to support the Tribe's contention that attorney Bradley lacked authority to settle this case. At oral arguments before this Court, attorney Bradley conceded that at the presentment hearing on defendants' motion to enforce the settlement, the Tribe failed to present any evidence that the settlement was unauthorized. No testimony was introduced from either attorney Bradley or an agent for the Tribe. The trial court thus made no finding that Bradley lacked express or implied authority to settle this case. We conclude, therefore, that the trial court was correct in enforcing the settlement. *Cf. Manchester Housing Authority v. Zyla,* 118 N.H. 268, 385 A.2d 225 (1978) (trial court erred in refusing to enforce settlement when there was no direct evidence that attorney acted without authority).

▮ Moreover, we conclude that the Tribe is also bound to the settlement under the doctrine of apparent authority. In New Mexico an attorney, notwithstanding the lack of express authority, can bind a client to a settlement agreement if there is some overriding reason for enforcing it. *Bolles v. Smith,* 92 N.M. 524, 591 P.2d 278 (1979). Certain courts have recognized a public policy argument for enforcing settlement agreements entered into by attorneys clothed with apparent authority to settle an action. *See Glazer v. J.C. Bradford & Co.,* 616 F.2d 167 (5th Cir.1980) (Georgia law); *Miotk v. Rudy,* 4 Kan.App.2d 296, 605 P.2d 587 (1980); *Hallock v. State,* 64 N.Y.2d 224, 485 N.Y.S.2d 510, 474 N.E.2d 1178 (1984), *Johnson v. Tesky,* 57 Or.App. 133, 643 P.2d 1344 (1982). We conclude that public policy compels us to enforce in-court settlement agreements entered into by attorneys clothed with apparent authority to settle the case. Thus, we must determine whether attorney Bradley had apparent authority to settle the case.

▮ Apparent authority is "that authority which a principal holds his agent out as possessing or permits him to exercise or to represent himself as possessing under such circumstances as to estop the principal from denying its existence." *Tabet v. Campbell,* 101 N.M. 334, 337, 681 P.2d 1111, 1114 (1984) (quoting *Segura v. Molycorp, Inc.,* 97 N.M. 13, 19, 636 P.2d 284, 290 (1981)). It is generally recognized that an attorney has actual authority to act on behalf of his client over procedural matters incident to litigation. *Miotk,* 4 Kan. App.2d at 301, 605 P.2d at 590. But the mere employment of an attorney does not give him the actual, implied, or apparent authority to compromise his client's case. *Augustus,* 92 N.M. at 439, 589 P.2d at 1030; *see also* 7A C.J.S. *Attorney & Clients* § 193, at 315–17 (1980). In other words, a principal must hold out his attorney as possessing authority to act on his behalf beyond procedural matters. Under these circumstances, we conclude that the Tribe held its attorney out to opposing counsel and to the court as having authority to settle.

▮ The record reveals that this was an in-court settlement reached by the parties on the date of trial. The Tribe was present

in court through its representative Bobby White. The settlement was read into the record, and the court had the following colloquy with representative Bobby White, Executive Director for the Division of Administration and Finance:

COURT: Who is here for Navajo Tribe, as representative of the Tribe?

WHITE: Bobby White.

COURT: Mr. White, do you understand the settlement; the complete settlement as read into the record?

WHITE: Right.

COURT: Do you approve the settlement?

WHITE: Yes.

Apparent authority to settle a case can be inferred if the principal knowingly permits its agent to exercise such authority. *Mursor Builders v. Roddy Realty, Inc.*, 459 F.Supp. 1317 (M.D.Pa.1978). Here, at no time during the negotiation of the settlement or its dictation into the record did White, acting as a representative of the Tribe, voice an objection. Instead, the Tribe acting through its agent White acquiesced in, and consented to, the settlement. The Tribe cannot be heard to challenge the agreement now.

Based on the foregoing, we conclude that even assuming the Tribe's attorney did not have express authority to settle her client's claim, she nevertheless had apparent authority and this was sufficient to bind the Tribe to the settlement reached. The district court is affirmed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS, J., concurs.