PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 11/6/96**

TENTH CIRCUIT

---

SYLVIA MARTINEZ, MICHELLE
ARCHULETA, CHRISTINA
ARCHULETA, YVONNE LOVATO,
ROBERTA AMAYA, individually and
on behalf of all others similarly
situated,

        Plaintiffs-Appellees,

v.

BENJAMIN J. ROSCOE,
GERALDINE M. ROSCOE, owners of
Valle Del Norte Apartments,

        Defendants-Appellants.

Nos. 95-2186
&
96-2020

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-93-1156-LH)

---

Submitted on the briefs:

Karen J. Meyers and Angelica Anaya-Allen, Legal Aid Society of Albuquerque,
Inc., Albuquerque, New Mexico, for Plaintiffs-Appellees.

Benjamin J. Roscoe and Geraldine M. Roscoe, pro se.

---

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

LOGAN, Circuit Judge.

Defendants Benjamin J. Roscoe and Geraldine M. Roscoe appeal from the district court's order permanently enjoining them from specified actions relative to an apartment building they own in New Mexico.[1] Plaintiffs are current or former tenants of the apartments. The mortgage on the apartments is insured and subsidized by the United States Department of Housing and Urban Development (HUD), upon certain conditions pertaining to the use and management of the property. On October 8, 1993, the district court permanently enjoined defendants from engaging in various activities pertaining to the apartments. In 1995, plaintiffs sought to enforce the 1993 permanent injunction as the result of defendant Benjamin J. Roscoe's attempts to evict them and collect monetary damages.

Following a hearing, the district court found that defendants had violated the 1993 permanent injunction, referred the question of defendants' contempt of court to the United States Attorney, and again permanently enjoined defendants

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

from interfering with the management of the apartments. The district court also entered an award of attorney fees against defendants as a sanction for bad-faith conduct and willful disobedience of court orders.

## Appeal No. 95-2186

In case No. 95-2186, defendants challenge the 1995 permanent injunction on the ground that it was based, in part, on a finding that defendants violated a Regulatory Agreement between defendants and HUD. Defendants claim the Regulatory Agreement is void because neither defendant signed a mortgagor's oath, as required by 12 U.S.C. § 1713(b), and therefore, it cannot support the 1995 permanent injunction. In the prior proceeding culminating in the 1993 permanent injunction, defendants raised the issue of whether the Regulatory Agreement could form a basis for enjoining them. I R. doc. 11. The district court denied relief on that basis, id. at doc.14, and defendants did not appeal.

Under the doctrine of law of the case, "a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993) (quotation omitted). The issue of whether the Regulatory Agreement can support a permanent injunction was resolved by the district court in 1993; that decision was

not challenged by appeal. Accordingly, defendants are barred by the doctrine of law of the case from raising the issue in this appeal.

Defendants also assert that plaintiffs are not proper parties, arguing that plaintiffs have no rights as tenants under either federal laws or any contract between defendants and HUD. Defendants' argument does not implicate this court's jurisdiction; rather, it raises the issue of whether plaintiffs are real parties in interest with a right to bring the cause of action. See FDIC v. Bachman, 894 F.2d 1233, 1235-36 (10th Cir. 1990). The district court's determination that plaintiffs were entitled to maintain this action was integral to the 1993 permanent injunction. Defendants did not appeal that order. Accordingly, defendants now are barred by the doctrines of waiver, see id. at 1236, and law of the case, see Capps, 13 F.3d at 353, from challenging plaintiffs' ability to maintain this action. The district court's 1995 permanent injunction is, therefore, affirmed. Defendants' motion to strike plaintiffs' brief or for an extension of time is denied.

Appeal No. 96-2020

In case No. 96-2020, defendants appeal the district court's order requiring them to pay plaintiffs' attorney's fees as a sanction for their bad-faith conduct and willful disobedience of the court's orders. They challenge the district court's finding that they acted in bad faith and assert that any punishment for improper actions is appropriate only in a contempt action brought by the government in a

-4-

separate proceeding. Defendants further argue that the amount of attorney's fees awarded is excessive. Finally, they maintain that attorney's fees were not warranted because legal services were provided at no cost to plaintiffs by a publicly funded legal aid program.

"We review a court's imposition of sanctions under its inherent power for abuse of discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991). We review the district court's determination whether the parties have complied with its orders under the clearly erroneous standard, mindful that the district court is in the best position to make that determination. See Gottlieb v. Wiles, 11 F.3d 1004, 1013 (10th Cir. 1993).

The district court awarded plaintiffs attorney's fees under an exception to the American Rule which allows a court to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers, 501 U.S. at 45-46 (quotations omitted). Defendants allege that their actions were not taken in bad faith, and were not vexatious, wanton, or oppressive. We have considered defendants' statement of their reasons for their actions. We cannot say that the district court's findings are clearly erroneous, particularly given the specific findings made by the district court on defendants' bad faith and disobedience of its orders. See Sterling Energy, Ltd. v. Friendly Nat'l Bank, 744 F.2d 1433, 1437 (10th Cir. 1984) (trial court must "make a

finding of bad intent or improper motive by the guilty party before awarding attorneys fees."). We are not impressed with defendants' argument that they may be punished in a separate contempt proceeding for the same conduct punished here. This claim of some possible future unspecified detriment is too speculative for our consideration. Cf. Whitmore v. Arkansas, 495 U.S. 149, 150 (1990) (speculative theory of possible future injury insufficient to establish Art. III injury in fact).

Defendants argue that plaintiffs' attorneys seek fees in this action for the same work for which they were awarded attorney's fees in a different landlord/tenant action in the Metropolitan Court. The district court found, "[t]here is no evidence before the Court as to whether any fees were awarded against Defendants in the Metropolitan Court proceeding." II R. doc. 52 at 11. Defendants have not brought to this court's attention information to the contrary. Therefore, we will not disturb the district court's finding.

Defendants also claim that the fees awarded were unreasonable; however, they made only generalized objections to the amount of the fees awarded, without any "evidence challenging the accuracy and reasonableness of the hours charged." Blum v. Stenson, 465 U.S. 886, 892 n.5 (1984). Therefore, they have waived their right to challenge the determination that the fees awarded were reasonable.

Finally, defendants argue that because plaintiffs' legal services were provided by a publicly funded legal aid program, defendants should not be required to pay them. Courts have upheld attorney's fee awards to publicly funded legal services providers when attorney's fees were authorized by statute. Rodriguez v. Taylor, 569 F.2d 1231, 1244-46 (3d Cir. 1977) (attorney's fees in ADEA case paid to nonprofit, federally funded legal services provider), cert. denied, 436 U.S. 913 (1978); Torres v. Sachs, 538 F.2d 10, 12 (2d Cir. 1976) (federal statute provided for fees in voting rights case; no congressional limitation on amount payable to publicly funded organizations); see also New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 70 n.9 (1980) (attorney's fees in Title VII case paid to public interest legal services provider); Blum, 465 U.S. at 894-95 (attorney's fees paid to private nonprofit legal services organization pursuant to 42 U.S.C. § 1988).

We perceive no reason to distinguish between attorneys who are paid by a party and attorneys who are paid with public funds. Further, the purpose of the award of attorney's fees in this case was to sanction defendants; requiring defendants to pay plaintiffs' attorney's fees will serve that purpose. See, e.g., Rodriguez, 569 F.2d at 1245 ("[A]ssessing fees against defendants in all circumstances [including those in which plaintiffs were represented by publicly funded legal providers] may deter wrongdoing in the first place."). Accordingly,

we conclude that the district court did not abuse its discretion in awarding attorney's fees against defendants.

AFFIRMED.