UNITED STATES COURT OF APPEALS

**Filed 12/17/96**

FOR THE TENTH CIRCUIT

CARLOTTA MITCHELL,

      Plaintiff-Appellant,

v.

ALBUQUERQUE BOARD OF
EDUCATION, doing business as
Albuquerque Public Schools;
LILLIAN BARNA; JOE GROOM,

      Defendants-Appellees.

No. 96-2023
(D.C. No. CIV-86-1184 MV/DJS)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable John W. Lungstrum, District Judge, United States District Court
for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff brought this action in connection with her 1985 termination from employment by the Albuquerque public schools.  Plaintiff alleged that her termination was motivated by racial discrimination and was in retaliation for exercising her First Amendment right to free speech.  This is the second time this case has come before us.

Previously, plaintiff appealed the district court's grant of summary judgment in favor of defendants on her Title VII and 42 U.S.C. §§ 1983 and 1985 claims.  We agreed with the district court that plaintiff's racial discrimination claims were barred by collateral estoppel and affirmed its grant of summary judgment on and dismissal of those claims.  As to plaintiff's First Amendment claim, however, we held that the record then before us did not show that claim had been actually litigated or necessarily decided, and we remanded the case to the district court for further proceedings.  With regard to the First Amendment claim, we stated as follows:  "For purposes of clarity we observe that Plaintiff's complaint filed in state court [and later removed to federal court]  incorrectly cited 42 U.S.C. § 1983, rather than § 1986, as applying to her First Amendment claim that she was retaliated against for opposing mainstreaming at her school, but we will treat her claim as properly pled."  Mitchell v. Albuquerque Bd. of Educ., No. 91-2294, 1993 WL 307904, at **6 (10th Cir. Aug. 13, 1993).  No petition for rehearing was filed following our disposition.  Plaintiff filed a

petition for writ of certiorari, and the United States Supreme Court denied that petition. <u>Mitchell v. Albuquerque Bd. of Educ.</u>, 510 U.S. 1045 (1994).

Upon remand, defendants moved for summary judgment on plaintiff's First Amendment claim. The district court granted the motion, finding that the claim was time-barred. Noting that this court had identified § 1986 as the proper statute under which the First Amendment claim must be brought, the district court applied the one-year statute of limitations contained in that statute. Plaintiff has once again appealed the district court's decision and now argues that this court was wrong in its holding that her First Amendment claim was properly pled under § 1986, thereby dooming her cause to a one-year limitations period, instead of the three-year period applicable to § 1983 claims.

Significantly, this is the first juncture in these proceedings at which plaintiff has taken issue with this court's characterization of her claim as being properly pled under § 1986. She filed no petition for rehearing after our 1993 decision, her petition for writ of certiorari makes no mention of the holding, and she did not raise the issue before the district court on remand, even after defendants asserted in their summary judgment motion that plaintiff's § 1986 claim was time-barred. In fact, plaintiff states in her appellate brief that she "did not below recognize nor raise the inapplicability and inappropriateness of the Tenth Circuit's substitution of Sec. 1986 for her Sec. 1983 count." Appellant's Br. at 9.[1]

_____

[1] In making that statement, plaintiff refers to herself as pro se. We note for

(continued...)

-3-

Because plaintiff neglected to raise this issue in the district court, we will not consider it on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Additionally,

> [u]nder the doctrine of law of the case, "a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."

Martinez v. Roscoe, 100 F.3d 121, 123 (10th Cir. 1996)(quoting Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993)). Plaintiff was presented with several opportunities in the history of this case to take issue with this court's characterization of her claim as under § 1986, and she failed at every point to do so. This court's heretofore unchallenged holding that plaintiff's First Amendment claim was properly pled under § 1986 and its treatment as such became the law of the case and cannot be challenged at this belated point in this case.

Finally, we cannot say that circumstances are such that departure from the general waiver rule or law of the case doctrine is warranted. The expanded record now before us shows that plaintiff's First Amendment claim was actually litigated at the administrative hearing before the local school board, and the board's rejection of this claim was affirmed by both the state board and the New Mexico Court of Appeals. Therefore, plaintiff's First Amendment claim in federal court, like her racial discrimination claims, is barred by collateral estoppel.

---

[1](...continued)
purposes of clarity that plaintiff had counsel at every juncture of the proceedings up to the point of this appeal. The appeal now before us is the first point at which plaintiff has appeared pro se.

Consequently, this court's characterization of plaintiff's First Amendment claim as properly brought under § 1986 and the resulting application of that statute's one-year limitation do not result in a manifest injustice. See Doelle v. Mountain States Tel. & Tel., 872 F.2d 942, 944 n.4 (10th Cir. 1989)(noting manifest injustice exception to general waiver rule); Wilson v. Meeks, 98 F.3d 1247, 1250 (10th Cir. 1996)(noting manifest injustice and clear error exception to law of the case doctrine).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge