**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUBY L. STARR,

      Plaintiff - Appellant,

v.

DR. JAMES G. ROCHE, Secretary of
the Air Force; * DEPARTMENT OF
THE AIR FORCE,

      Defendants - Appellees.

No. 01-2253
(D.C. No. CV-98-1049-MV/DJS)
(D. New Mexico)

---

**ORDER AND JUDGMENT** **

---

Before **SEYMOUR** , **McKAY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), Dr. James G. Roche is substituted for
F. Whitten Peters, former Acting Secretary of the Air Force, as the defendant in
this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Ruby L. Starr appeals the district court's memorandum and order granting defendants' motion to enforce an agreement settling Ms. Starr's claim that she was subject to a hostile work environment while a civilian employee at Kirkland Air Force Base located in Albuquerque, New Mexico.  Ms. Starr also appeals the denial of her motion for relief from the judgment under FED. R. CIV. P. 60(b). [1]  We affirm.

The facts of this case are well known to the parties and Ms. Starr's arguments on appeal are essentially those addressed by the district court. Ms. Starr's initial Title VII and Privacy Act complaints were filed in California where she then resided, but those complaints were transferred to New Mexico for proper venue.  Due in part to Ms. Starr's claims of financial difficulties and physical disabilities, the court granted her request for appointed counsel.  After

---

[1] The district court's order granting defendants' motion to enforce the settlement agreement was entered on May 15, 2001.  Although Ms. Starr did not file a timely appeal from that ruling, she did file a motion for relief from the judgment under FED. R. CIV. P. 60(b) on May 24, 2001.  Because the Rule 60(b) motion was filed no later than ten days after the judgment was entered, under FED. R. APP. P. 4(a)(4)(A)(vi) the time to file an appeal ran from the entry of the district court order disposing of that motion.  The order denying Ms. Starr's Rule 60(b) motion was entered on August 5, 2001, and she filed a timely appeal on August 13. Accordingly, we have jurisdiction over both the underlying order enforcing the settlement agreement and the order denying Rule 60(b) relief.  *See Grantham v. Ohio Cas. Co.*, 97 F.3d 434, 435 (10th Cir. 1996).

she attended two depositions in New Mexico, Ms. Starr agreed to accept $2,000 to settle her claims. Because a previous attempt at settlement had failed, the parties read the terms of the settlement agreement into the record and specifically asked Ms. Starr to verify that the settlement was voluntary and not made under coercion or duress. She confirmed she was acting voluntarily and was not under duress.

Ms. Starr subsequently reneged and defendants moved the court to enforce the settlement agreement. Ms. Starr contends the settlement agreement was the result of coercion, duress, or her lack of mental capacity to understand the nature of the agreement. The court granted Ms. Starr's counsel's motion to withdraw as he would potentially be a witness to verify the settlement, and denied Ms. Starr's motion for appointment of new counsel. On the merits, the district court adopted the magistrate judge's recommended enforcement of the settlement agreement.

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). We review the court's order enforcing the settlement for an abuse of discretion. *See id.* at 1495.

Issues involving the enforceability of a settlement agreement are resolved by applying state contract law. *See United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000). "It is the policy of the law and of the State of New Mexico to favor settlement agreements." *Navajo Tribe of Indians v. Hanosh*

-3-

*Chevrolet-Buick, Inc.*, 749 P.2d 90, 92 (N.M. 1988); *see also Bd. of Educ. for the Carlsbad Mun. Sch. v. N.M. State Dep't of Pub. Educ.*, 993 P.2d 112, 115 (N.M. Ct. App. 1999). Moreover, "[a]n oral stipulation for the compromise and settlement of claims . . . made in open court in the presence of the parties and preserved in the record of the court is as binding as a written agreement." *Esquibel v. Brown Constr. Co.*, 513 P.2d 1269, 1272 (N.M. Ct. App. 1973) (quotation omitted).

Ms. Starr's claims of mental incapacity, coercion and duress were properly reviewed under the relevant law of New Mexico. The district court concluded the evidence she presented was simply insufficient to overcome her burden of proving that the settlement agreement was not entered into knowingly and freely. While we sympathize with Ms. Starr concerning her disabilities, we are not persuaded the district court abused its discretion in enforcing the settlement agreement.

"We review the district court's denial of a Rule 60(b) motion for abuse of discretion. A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does, I-XVI*, 204 F.3d 1005, 1009 (10th Cir. 2000) (citation and internal quotations omitted). We have carefully reviewed the record and we are convinced the district court did not

abuse its discretion in determining that Ms. Starr failed to present grounds for relief under Rule 60(b).

Finally, Ms. Starr urges us to hold the district court erred when it decided not to appoint a second attorney for purposes of the hearing to enforce the settlement agreement and denied Ms. Starr's request for sanctions against Assistant United States Attorney Hosa. "We have often said, and it seems to be universally agreed, that no one has a constitutional right to assistance of counsel in the prosecution or defense of a civil action." *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). Instead, "[t]he decision whether to appoint counsel is left to the sound discretion of the district court." *Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir. 1988) (per curiam). While Ms. Starr's disabilities may have been a factor in the initial appointment of her first counsel, they were not dispositive in the district court's decision to deny a second *pro bono* attorney, and were apparently outweighed by Ms. Starr's failure to attend a hearing on the matter and her filing of a *pro se* entry of appearance. Under these circumstances, we cannot say the district court abused its discretion.

Likewise, we review the district court's ruling on the motion for sanctions only for abuse of discretion. *See Martinez v. Roscoe,* 100 F.3d 121, 123 (10th Cir. 1996). After a careful review of the record in light of Ms. Starr's arguments, the applicable law, and this deferential standard of review, we

conclude that the district court's decision to deny her motion for sanctions was not an abuse of that discretion.

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED** .

Entered for the Court


Stephanie K. Seymour
Circuit Judge