BACHARACH, J,,
dissenting.
This appeal grew out of a discrepancy between the oral pronouncement of a sentence and the written judgment. The district court attributed the discrepancy to a clerical error and amended the written judgment to conform to the oral pronouncement. The defendant (Mr. Howard Kieffer) argues that the discrepancy was instead the result of an intentional, substantive change to the sentence. The majority agrees with Mr. Kieffer; respectfully, I do not.
1. The district court reinserts seven financial conditions that were included in the oral pronouncement of the sentence,
When imposing the sentence, the district court required restitution and imposed seven special conditions of supervised release related to financial activities.[1] In a prior appeal, Mr. Kieffer challenged the requirement for restitution. We concluded that the restitution requirement was invalid. United States v. Kieffer, 596 Fed.Appx. 653, 664-66 (10th Cir. 2014) (unpublished).
In that appeal, Mr. Kieffer did not say anything about the seven financial conditions, and neither did we. Nonetheless, after we decided the appeal, the district court ‘deleted not only the restitution requirement but also the seven financial conditions. This deletion created a discrepancy between the orally pronounced terms and the written judgment. The district court later acted sua sponte, removing that dis *741 crepancy by amending the written judgment to reinsert the seven financial conditions.[2] In reinserting these conditions, the court explained that the previous version of the judgment had contained a “Clerical Mistake.” R. vol. 1, at 614.
2. The district court appropriately corrected a clerical error involving the omission of the seven financial conditions.
In reinserting the seven financial conditions, the district court set out to conform the written judgment to the orally pronounced terms. To do so, the court invoked Federal Rule of Criminal Procedure 36. Rule 36 provided the court with the authority to correct this clerical error. See United States v. Sasser, 974 F.2d 1544, 1561-62 (10th Cir. 1992); see also United States v. Kieffer, 596 Fed.Appx. 653, 660 (10th Cir. 2014) (unpublished) (“While Rule 36 does not give a court authority to substantively change a defendant’s sentence, it authorizes amendment to a written judgment to bring it into conformity with an orally pronounced sentence.”).
But Mr. Kieffer argues that the discrepancy did not constitute a clerical error. In his view, the district court intentionally removed the conditions after our court had struck down the restitution requirement. The government disagrees, arguing that the deletion of these conditions was inadvertent and that the district court could correct its mistake by conforming the written judgment to the conditions that had been orally announced. Resolution turns on whether the omission of the seven financial conditions was inadvertent.
The majority agrees with Mr., Kieffer, concluding that the district court had intended to delete these conditions. For this conclusion, the majority reasons that
• all of the seven financial conditions had arguably been designed to facilitate the restitution order and
• once the restitution order was deleted, the district court concluded that the seven financial conditions should be removed.
I respectfully disagree with this reasoning.
In the absence of the district court’s explanation, Mr. Kieffer’s theory would have been plausible. Under his theory, the district court intentionally deleted the seven financial conditions because of their connection to the invalidated restitution order. If the deletion had been intentional, the correction of the written judgment would have constituted a substantive revision of the sentence.
But the government’s theory would also have been plausible: that the district court had deleted the seven financial conditions by accident. It is quite possible that no one thought to address the seven financial conditions after our court had invalidated the restitution requirement. After all, our court didn’t mention the seven financial conditions and Mr. Kieffer didn’t ask the district court to rescind these conditions. Without any such request by Mr. Kieffer, there is little reason to think that the district court consciously decided to remove the seven financial conditions. If the deletion were not a conscious decision, the district court’s correction of the written judgment would have constituted a perfectly appropriate use of Rule 36.
So, which side is right about what the district court intended? Our only clue is what the district court said: that the change was necessary because of a “Clerical Mistake.” R. vol. 1, at 614. The mistake was “clerical” only if it was inadvertent, which is consistent with the government’s *742 explanation and inconsistent with Mr. Kieffer’s.
Mr. Kieffer’s explanation would require us to assume that the district court was confused about what would constitute a clerical mistake.[3] We lack any basis for such an assumption. In fact, before the district court reinserted the seven financial conditions, our court had explained the types of errors that can be corrected under Rule 36. See United States v. Kieffer, 596 Fed.Appx. 653, 660 (10th Cir. 2014) (unpublished). We have no reason to think that the district court ignored or misread our explanation.
*• ⅜ *
The district court indicated that the omission was a mere clerical error, and we have no reason to doubt the district court. Thus, the district court was entitled to correct the omission under Rule 36.
3. I woujd reject Mr. Kieffer’s policy argument.
Mr. Kieffer also purports to apply the law-of-the-case doctrine. But Mr. Kieffer is actually presenting a policy argument:
Presumably recognizing that the special conditions of supervised release it had previously ordered were no longer justified absent the obligation on Mr. Kieffer to pay any restitution, the district court did not include any special conditions in the [written judgment].... The government die} not appeal the [judgment]. On Mr. Kieffer’s appeal [of that judgment], ... this Court affirmed the legality and correctness of [that written judgment]. Allowing the district court to further amend the judgment in this case would reduce incentives on the district court and the government to put their best effort into crafting judgments and deciding whether to appeal them, respectively. It would also waste judicial resources and result in unnecessary further delay in a case that has already been protracted due to the district court’s previous sentencing errors and sua sponte issuance of multiple invalid amended judgments. Most importantly, allowing the district court to further amend the judgment in this case would contribute to the gradual undermining of public confidence in the judiciary.
Appellant’s Opening Br. at 10-11 (citation omitted).[4] Through this argument, Mr. Kieffer apparently assumes that the prior deletion of the seven financial conditions had been intentional. For the reasons discussed above, I would reject this assumption. See Part 2, above.
It is not clear whether Mr. Kieffer’s policy argument is based wholly on this assumption. For the sake of argument, we may assume that Mr. Kieffer’s argument does not hinge on this characterization. Even with that assumption, I would reject Mr. Kieffer’s argument for two reasons.
First, we cannot rely on policy considerations to jettison the district court’s authority to correct clerical errors under Rule 36. Policy considerations cannot override this rule.
Second, Mr. Kieffer’s policy argument is unpersuasive. Mr. Kieffer contends that *743 “allowing the district court to further amend the judgment in this case would contribute to the gradual undermining of public confidence in the judiciary.” Appellant’s Opening Br. at 11. But forbidding the court from correcting a clerical error would itself undermine public confidence in the judiciary.
For these reasons, I would reject Mr. Kieffer’s policy argument.
4. Mr. Kieffer waived his challenge to the continued justification for the seven financial conditions.
Mr. Kieffer also argues that the seven financial conditions are no longer justified without an underlying requirement for restitution. But it’s too late for Mr. Kieffer to make this argument. In a prior appeal, Mr. Kieffer had argued that the restitution requirement was not justified. See Part 1, above. During that appeal, he could have argued that without a valid requirement for restitution, the seven financial conditions were not justified. But he didn’t make this argument in the prior appeal, which constituted a waiver. See Martinez v. Roscoe, 100 F.3d 121, 123 (10th Cir. 1996) (“Under the doctrine of law of the case, ‘a legal decision made at one stage of litigation, unchallenged" in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.’”) (quoting Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993)). In light of the waiver, I would not consider this appellate challenge.
5. Mr. Kieffer also waived his challenge to the condition requiring pre-approval of employment and business ventures.
Alternatively, Mr. Kieffer urges us to vacate this financial condition: “Any employment or business ventures by [Mr. Kieffer] must be approved in advance by the probation officer.” R. vol. 1, at 617. But this contention is also waived because it could have been presented in the prior appeal (when Mr. Kieffer challenged the restitution requirement),. See Martinez, 100 F.3d at 123; Part 1, above. Because this appellate challenge is waived, I would not consider it.
6.Conclusion
This appeal turns on a determination of why the district court omitted the seven financial conditions from the written judgment. The district court knew why it had omitted the conditions. The court attributed the omission to a clerical error rather than an intention to rescind these conditions. Why should we doubt the district court about its own intent? I see no reason to do so and would uphold the district court’s correction of the clerical error. Because the majority reaches a contrary conclusion, I respectfully dissent.

.These conditions were:
1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
2, The defendant is to provide the probation officer access to any requested financial information.
3, As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
4. Any employment or business ventures by the defendant must be approved in advance by the probation officer.
5, Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release, The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages.
6, The defendant shall malte payment on the restitution obligation that remains unpaid at the commencement of supervised release, Within 60 days of release from confinement, the defendant shall meet with the probation officer to develop a plan for die payment of restitution, This plan-will be based upon the defendant’s income and expenses. The plan will be forwarded to the court for review and approval.-
7, The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.
R. vol, 1, at 14,

. When reinserting the conditions, the district court made some minor wording and organizational changes. These changes are immaterial to the outcome.

. Absent evidence to the contrary, we cannot conclude that the district court was being dishonest when it said that the change was necessary because of a clerical mistake. See Nova Health Sys. v. Edmondson, 460 F.3d 1295, 1301 (10th Cir. 2006) ("[I]n the absence of evidence to the contrary, we must presume that courts will follow the law.”).

. Notably, Mr. Kieffer does not argue that our court had directed the district court to remove the financial conditions. Rather, Mr. Kieffer states that the district court "[p]re-sumably recogniz[ed] that the [financial conditions] ... were no longer justified.” Appellant’s Opening Br. at 10. As a result, Mr. Kieffer has waived any argument that our court had directed the district court to re- ■ move the conditions.